In the Matter of the Application of the TRUSTEES OF CALVARY PRESBYTERIAN CHURCH, Petitioner, Respondent, for a Certiorari Order against THE STATE LIQUOR AUTHORITY, ERIE COUNTY ALCOHOLIC BEVERAGE CONTROL BOARD and PHILIP AMIGONE, Appellants.

Fourth Department, December 23, 1936.

*Nelson Ruttenberg [Monroe I. Katcher, II, of counsel], for the appellants State Liquor Authority and Erie County Alcoholic Beverage Control Board.*

*Benjamin Franklin [Samuel E. Chasin of counsel], for the appellant Amigone.*

*Robert J. Lansdowne, for the respondent Trustees of Calvary Presbyterian Church.*

CROSBY, J. This is an appeal from an order of certiorari, issued by the Supreme Court, Special Term, requiring the Erie County Alcoholic Beverage Control Board and the State Liquor Authority to make a return of their proceedings in issuing a restaurant liquor license to Philip Amigone, in order that a review of said proceedings may be had, and errors therein, if any, corrected.

We are not here concerned with the merits of the claim made by the petitioner, the Calvary Presbyterian Church, that the license was improperly issued. We are, at present, concerned only with the question whether certiorari can be resorted to. We reach the conclusion that it cannot.

Once before, in 1934, Mr. Amigone applied for a license to operate in the same building involved in this proceeding. The Erie County Board disapproved his application, but the State Authority overruled the local board and granted the license. Those proceedings were reviewed by certiorari, and this court overruled the decision of the State Liquor Authority (245 App. Div. 176), and the Court of Appeals affirmed the decision of this court (270 N. Y. 497).

On February 1, 1936, Amigone again applied for a license to operate in the same place, which is conceded to be within 200 feet of the building owned by the petitioner, Calvary Presbyterian Church. His claim is that, since the final decision in the former certiorari proceeding, the church building has been put to such uses that it no longer stands in the way of the granting of a license to sell liquor within 200 feet. This time the county board unanimously approved the application for a license, and the State Authority granted the license. In this situation certiorari is not open to any one to review the proceedings.

Section 2 of the Alcoholic Beverage Control Law outlines the policy of the State in regard to the traffic in liquor, and states that the declared policy will best be carried out by the system of control provided by the State Liquor Authority, " subject only to the right of judicial review *hereinafter provided for.*"   (Italics mine.)

Section 121 of the law provides as follows:

" Review by courts.   The following actions by the liquor authority shall be subject to review by the Supreme Court in the manner provided in article seventy-eight of the Civil Practice Act [which regulates proceedings by certiorari] or by any other appropriate remedy," etc.

" 1. Refusal by the liquor authority to issue a license or a permit recommended by a local board.

" 2. The issuance of a license or permit by the liquor authority contrary to the recommendations of a local board.

" 3. The issuance of a license or permit by the liquor authority where the recommendation of the local board was not unanimous.

" 4. The revocation of a license or permit by the liquor authority.

" 5. The failure or refusal by the liquor authority or a local board to render a decision within the time required by section one hundred twenty."

Concededly the present case falls within none of the foregoing five classifications.   The State Authority issued the license upon the unanimous recommendation of the county board.

Petitioner relies upon section 1284 of the Civil Practice Act which provides that certiorari can be resorted to:

" 1. Where the right to the order or to a writ of certiorari is expressly conferred, or the granting thereof is expressly authorized by a statute.

" 2. Where a writ of certiorari might be issued at common law, by a court of general jurisdiction, and the right to a certiorari, or the power of the court to grant the same, is not expressly taken away by a statute."

Clearly the right to certiorari is not " expressly conferred " by section 121 of the law in question. And it would seem to have been the intent of the Legislature to take away the right to certiorari in a case such as we have here, when it provided for judicial review as " hereinafter provided for " (Alcoholic Beverage Control Law, § 2), and then provided, in section 121 of said law, for review by certiorari in five cases, none of which fit the instant case.

The order should be reversed on the law, with ten dollars costs and disbursements, and application for order of certiorari denied, with ten dollars costs.

All concur. Present — SEARS, P. J. TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and application for order of certiorari denied, with ten dollars costs.