In the Matter of the Application of GEORGE MARKS, Petitioner, for an Order against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority, Respondents.*

Supreme Court, Special Term, Queens County, January 21, 1939.

*Morris Grossman*, for the petitioner.

*Francis V. McHugh* [*Monroe I. Katcher, II*, of counsel], for the respondents.

NOVA, J.    Petitioner moves for an order directing the respondents, the State Liquor Authority, to issue to him a form for an application for a retail liquor store license.    The gravamen of his grievance is that St. Albans is not adequately served by the number of premises presently licensed, in that (a) the premises described herein are located within a distance of not less than a mile radius from any other store in St. Albans, in the county of Queens; (b) Merrick boulevard is one of the main arteries of Queens and

* See *Matter of Wilson* v. *Quinn* (253 App. Div. 403).

passes through St. Albans; (c) the property is located in the main shopping center of St. Albans; (d) the population is from eight to ten thousand; (e) St. Albans contains but one licensed liquor store, whereas neighboring communities, such as Hollis, Laurelton and Valley Stream, contain two or more. Petitioner maintains that the resolution of the respondents, dated April 7, 1938, pursuant to subdivision 2 of section 17 of the Alcoholic Beverage Control Law, constitutes an abuse of discretion and is unconstitutional, in that it prohibits the issuance of further licenses.

The said resolution reads as follows:

" Whereas, in the judgment of the Authority and in the exercise of the discretion vested in it by law, it is determined that public convenience and advantage are now adequately served by the number of premises licensed pursuant to Section 63 and Section 79 of the Alcoholic Beverage Control Law, therefore, be it resolved and it is hereby

" Ordered, pursuant to subdivision 2 of section 17 of the Alcoholic Beverage Control Law, that the number of licenses issued pursuant to Section 63 and Section 79 of said law be limited to the number in each political subdivision as set forth on the annexed schedule, and that no application for a license under either of said sections be accepted by any local board while the aforesaid number of said licenses shall be in effect, provided, however, that an application may be accepted by any local board for a license pursuant to said sections for premises in an incorporated village in which there do not exist any licensed premises under said sections, and further provided that in such event a license pursuant to said sections may be issued in the discretion of the Authority."

Petitioner complains that St. Albans is not permitted to have the same number of stores as are other specified communities of the same " political subdivision " or as in an adjacent township of another " political subdivision." In this, petitioner claims inequality.

A person has no vested right to engage in the sale of intoxicating liquors. Such right is not one of the privileges and immunities of citizens of the United States, which, under the Fourteenth Amendment of the United States Constitution, the States are forbidden to abridge. (*Clark* v. *Kansas City*, 176 U. S. 114; *Crowley* v. *Christensen*, 137 id. 86, 91.) The sale thereof may be entirely prohibited or may be permitted under such conditions as will limit to the utmost the possible evils attendant thereupon. The manner and extent of regulation rests initially with the Legislature. Pursuant to subdivision 2 of section 17 of the Alcoholic Beverage Control Law, the Legislature has delegated to the Liquor Authority

a wide degree of discretion in the exercise of which it may limit the number of licenses to be issued. The members constituting the Authority are public officers, and, therefore, it is to be presumed that they reached their determination of April 7, 1938, only after due consideration of the relevant facts and circumstances which made its action in such regard a requisite one.

Furthermore, the resolution has a reasonable relation to the policy of the State as defined in section 2 of the Alcoholic Beverage Control Law, wherein it is stated: " It is hereby declared as the policy of the State that it is necessary to regulate and control the manufacture, sale and distribution within the State of alcoholic beverages for the purpose of fostering and promoting temperance in their consumption and respect for and obedience to law. It is hereby declared that such policy will best be carried out by empowering the Liquor Authority of the State to determine whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the location of premises licensed thereby, subject only to the right of judicial review hereinafter provided for. It is the purpose of this chapter to carry out that policy in the public interest. The restrictions, regulations and provisions contained in this chapter are enacted by the Legislature for the protection, health, welfare and safety of the People of the State."

Further, section 121 of the Alcoholic Beverage Control Law prescribes the actions subject to review by the Supreme Court in the manner provided in article 78 of the Civil Practice Act (§§ 1283 et seq.). The present action does not fall within any of the classifications therein specified. (Matter of Calvary Presbyterian Church v. State Liquor Authority, 249 App. Div. 288; Reckler v. Quinn, 255 id 873.)

It is my view that no facts have been shown by the petitioner upon which to predicate a finding that the resolution of the Authority, as applied in the instant case, is unreasonable, arbitrary or unconstitutional.

The motion is denied.