In the Matter of the Application of GAETANO TAMMARO, Petitioner, against HENRY E. BRUCKMAN and Others, Constituting the State Liquor Authority of the State of New York, Respondents.

Supreme Court, Special Term, Kings County, November 27, 1939.

*F. J. McHugh*, for the petitioner.

*A. J. Buchman* [*Monroe I. Katcher, II*, of counsel], for the respondents.

SWEZEY, J. The license which was granted to the petitioner for the period ending on September 30, 1939, gave to him no vested rights nor did it create any contract between the petitioner and the State. The license is merely a temporary permit issued in the exercise of the police powers to do that which would be prohibited. (*Metropolitan Board of Excise* v. *Barrie*, 34 N. Y. 657, 667; *People ex rel. Lodes* v. *Department of Health*, 189 id. 187, 192.)

Accordingly, at the expiration of the period specified in the license, the application for a license for any subsequent period of time constitutes a *de novo* proceeding and, therefore, a denial of the application for the new period is not tantamount to a revocation of the license. (*Matter of Rudhlan Amusement Corp.* v. *Geraghty*, 146 Misc. 308.) Such application is, in all its legal incidents, identical with an application for an original license.

The petitioner applied directly to the State Liquor Authority for the license to commence on October 1, 1939, with the result that there has been no recommendation for the issuance of a license or permit by any local board. Under these circumstances, the court may not review the action of the Liquor Authority in refusing the issuance of the license. (Alcoholic Bev. Control Law, § 121; *Matter of Calvary Presbyterian Church* v. *State Liquor Authority*, 249 App. Div. 288; affd., 275 N. Y. 552.)

The application of the petitioner is, therefore, denied and the cross-motion of the respondents to dismiss the petition is granted.