### GEORGE DADUKIAN *v.* ZONING BOARD OF APPEALS OF THE CITY OF BRIDGEPORT

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued May 5—decided August 9, 1949.

*William J. Lavery,* for the appellant (plaintiff).

*John V. Donnelly,* with whom, on the brief, was *Harry Schwartz,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff applied under the provisions of General Statutes, Cum. Sup. 1939, § 552e (Rev. 1949, § 2538) to the zoning board of appeals of Bridgeport for a certificate of approval of a certain

location as the site for the sale of gasoline. The board denied the application and the Court of Common Pleas upheld its action. From the judgment of that court the plaintiff has appealed to this court.

The following facts are not disputed: The location is at the corner of Laurel and Sherwood Avenues, on property owned by the plaintiff. When the Bridgeport zoning ordinance was first adopted in 1926, the premises were being used for business not permissible in the zone where they were, and thus in 1929 there was a nonconforming use upon them for that purpose. They were not then used for the sale of gasoline, which was forbidden in the zone. In 1929 the board granted a variation to permit the sale of gasoline and approved the location for that use; and the plaintiff secured a license from the commissioner of motor vehicles permitting him to conduct the business. He then proceeded to do considerable structural work to adapt the premises for that purpose. He began to operate the business there and continued under annual renewals of his license until 1943. His last renewal expired in October of that year and he has not since carried on the business, although the facilities for it remained. Prior to January 8, 1947, he applied to the building inspector of Bridgeport for a certificate of occupancy, which would permit the resumption of the business as a nonconforming use. The zoning ordinance contains a provision that if a nonconforming use shall cease for a certain time it may not be resumed, and the building inspector refused to issue the certificate. The plaintiff filed an application with the zoning board of appeals in which he included an appeal from the decision of the building inspector and a request for a certificate of approval of the location for use for the sale of gasoline. The board sustained the appeal from the refusal of the building inspector to issue a certificate of occupancy

but refused the certificate of approval of the location. It was from the latter ruling that the plaintiff appealed to the court.

Section 242f of the 1941 Supplement to the General Statutes (Rev. 1949, § 2536) provided that no person should sell or offer to sell gasoline without having received a license from the commissioner of motor vehicles and that each such license should expire on the first day of October next following its issuance. Section 552e, Cum. Sup. 1939, provided that such licenses should issue only after a certificate of approval of the location of the business by a zoning board of appeals had been filed with the commissioner, and stated that no such certificate should be required "in the case of a renewal of a license by the holder thereof." The statute did not confer on a licensee an unlimited right to a renewal. As more than three years had elapsed between the expiration of the last license held by the plaintiff and his efforts to resume the business, he was not a "holder" of a license seeking its renewal within the meaning of the statute. He had no vested right to a renewal. *State ex rel. Rose Bros. Lumber & Supply Co.* v. *Clousing*, 198 Minn. 35, 44, 268 N. W. 844. The situation is unlike that presented as regards the practice of medicine or surgery, where one who has once received a certificate is entitled thereafter to continue in practice without again qualifying for it. See General Statutes, Rev. 1949, § 3821; *Brein* v. *Connecticut Eclectic Examining Board,* 103 Conn. 65, 83, 130 A. 289. The application now before us was, in effect, a new application, and the requirement that it be based upon a certificate of approval by the zoning board of appeals was applicable to it. *State ex rel. Interstate Air-Parts, Inc.* v. *Minneapolis-St. Paul Metropolitan Airports Commission,* 223 Minn. 175, 187, 25 N. W. 2d 718; *Matter of Rudhlan Amusement Corporation* v.

*Geraghty,* 146 Misc. 308, 312, 262 N. Y. S. 269; *Tammaro* v. *Bruckman,* 173 Misc. 958, 18 N. Y. S. 2d 689; *Fochi* v. *Splain,* 36 N. Y. S. 2d 774, 776. The plaintiff had, therefore, no right to receive a license until the board granted him a certificate of approval upon the application now before us. The only question is: Did the board act properly in refusing the certificate of approval?

The conclusions of the board stated in its records were: The premises are too small for the operation of a gasoline station, as only two cars could be accommodated at a time, and because of the substantial amount of traffic on Laurel Avenue such use of the premises would be a source of danger to persons being served at the station and travelers on the streets intersecting at that point; and the office for the proposed station is a part of a frame building containing two stores and such use of the premises would constitute a fire hazard, thus imperiling the public safety. The size of the lot was a proper matter for the board to consider in determining whether the proposed use of the premises would imperil public safety. *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 155, 55 A. 2d 909. There can be no question that the conclusions the board reached furnished adequate support for the refusal of the board to approve the location.

A "Return" was filed in court by the board, and it contains a transcript of the proceedings at the hearing before the board; but it affords little, if any, basis for the conclusions the board reached. These were, no doubt, based on an inspection of the premises which, it is found, the members made. The facts bearing upon the effect of the operation of the business upon traffic safety and fire hazard are not such that expert testimony was necessary for the enlightenment of the board. See *Jaffe* v. *State Department of Health,* 135

Conn. 339, 348, 64 A. 2d 330. No claim is made that the members of the board acted improperly in viewing the premises, and they could properly act on the facts they observed. *Mrowka* v. *Board of Zoning Appeals,* supra, 154. At the hearing on the appeal, the court stated that it would hear evidence to show what the members of the board must have seen on their view of the location; a map of the premises was introduced; and the court itself visited the premises. No purpose would be served in stating the rather extensive findings it made. It is enough to say that nothing in them or in any corrections we could make would justify us in holding that the court erred in concluding that the board did not abuse its discretion in denying the certificate of approval. See *Connecticut Baptist Convention* v. *Murphy,* 128 Conn. 261, 264, 22 A. 2d 13.

The plaintiff, however, relies quite largely upon a claim that, as the location had been approved in 1929, the board acted beyond its powers in refusing approval when the present application was presented to it. In a series of decisions we have held that where a zoning board has once acted adversely upon an application for a certain use of premises it should not, in the absence of a change of circumstances, reverse that decision. *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 137, 154 A. 343; *Burr* v. *Rago,* 120 Conn. 287, 291, 180 A. 444; *Rommell* v. *Walsh,* 127 Conn. 272, 276, 16 A. 2d 483; *Torello* v. *Board of Zoning Appeals,* 127 Conn. 307, 311, 16 A. 2d 591. In the *St. Patrick's Church* case (p. 137) we approved a contention that, if the rule were otherwise, parties interested adversely to the privilege or modification sought might be unduly harassed and injured through being called upon to contest repeated and frequently recurring agitations pertaining to the same subject matter. We also said: ". . . it appears to be well established that a zoning

board of appeals or adjustment should not ordinarily be permitted to review its own decisons and revoke action once duly taken. Otherwise there would be no finality to the proceeding; the result would be subject to change at the whim of members or due to the effect of influence exerted upon them, or other undesirable elements tending to uncertainty and impermanence"; and we quoted from a New York decision which states that the principle is not a hard and fast rule, but a board's reversal of its action should be permitted only "when there is justification and good cause." *People ex rel. Brennan* v. *Walsh,* 195 N. Y. S. 264.

In acting upon the application for approval of the location under the statute, the board was not dealing with zoning but performing a separate function vested in it by the statute. *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 354, 23 A. 2d 151; but the reasons upon which the rule rests apply to its action in this capacity as much as they do in zoning matters. Some eighteen years had elapsed since the approval given in 1929. It is a fair inference from the finding that the approval at that time preceded the development of the premises as a place for the sale of gasoline and consequently the effect upon traffic safety and risk of fire of their adaptation to that use may well not have then been apparent. There is no suggestion in the finding, and no probability, that the development of property in the neighborhood had been affected by the use of the premises for the sale of gasoline, and the fact of detriment to the plaintiff individually because of his inability to resume business is not the criterion for determining the issue. *Rommell* v. *Walsh,* supra, 277. The plaintiff, moreover, conceded during the argument before us that there had been since the grant of the original certificate of approval a material increase in traffic at the street corner

in question.  That the board should, after the passage of so many years, come to a different conclusion than did its predecessor carries no reasonable suspicion that it was actuated by improper influences nor suggests that its action would tend to "uncertainty and impermanence."  Its denial of the certificate of approval in this case is not precluded by the principle that an administrative tribunal "should not ordinarily be permitted to review its own decisions and revoke action once duly taken."  *St. Patrick's Church Corporation* v. *Daniels,* 113 Conn. 132, 137, 154 A. 343.

There is no error.

In this opinion the other judges concurred.