## THE TEXAS COMPANY v. ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD

COURT OF COMMON PLEAS     HARTFORD COUNTY     FILE No. 53031

Memorandum filed June 26, 1951.

*Frank Covello,* of Hartford, for the Plaintiff.

*Arthur L. Shipman, Jr.,* of Hartford, for the Defendant.

FITZGERALD, J. Plaintiff has appealed to this court from the action of the defendant board on August 14, 1950, in denying its application for permission to remodel, enlarge and reopen a gasoline service station at 886 Maple Street, Hartford. The premises are located in business zone No. 1 and occupy the northeast corner of Maple Avenue and Gilman Street in the south end of the city. The appeal was tried to the court on May 24 last on the basis of the record of the proceedings before the board and additional evidence of a limited character. The latter evidence comprised the testimony of Henry R. Shiembob, secretary of the board at the time the application in question was acted upon and now a member of the board, the custodian of the board's records, the assistant building inspector of Hartford, and

a`construction engineer. These witnesses were offered by the plaintiff. In view of the fact that the reasons of the board's denial of the application are not recited in the record brought before the court, the additional evidence was permitted to gauge the legal propriety of the board's decision. So it is that the record, including various exhibits introduced through one or more of the witnesses at the trial of the appeal, is now complete for adjudication. Among the exhibits are the minutes of the public hearing.

The zoning ordinance of the city of Hartford is contained in chapter 20 of the Municipal Code of Hartford, amended by an ordinance approved October 8, 1945. As provided therein, the city is divided into ten classes of zones, six of which relate to residence uses, three to business uses, and one to industrial use. Under the ordinance, gasoline filling stations are not permitted to be operated in any zone other than industrial except with permission of the zoning board of appeals, the defendant herein.

Article V thereof, § 5, subsection 5, provides: "The Board of Appeals may . . . determine and vary the application of the regulations . . . in harmony with their general purpose and intent, and grant permits in the specific cases hereinafter listed. Said power shall be exercised only if there shall be difficulty or unreasonable hardship in carrying out the strict letter of the ordinance and so that the spirit of the ordinance shall be observed, public welfare and safety secured and substantial justice done." One of the "specific cases . . . listed" is described by subparagraph (d): "For buildings to be used for storage or repair, or service of motor vehicles, or for gasoline filling stations in any business zone."

In passing it is noted that in at least three comparatively recent cases the Supreme Court of Errors has been required to consider the extent of the power of the defendant board to grant a variance under this ordinance. See *Delaney* v. *Zoning Board of Appeals,* 134 Conn. 240; *Stavola* v. *Bulkeley,* 134 Conn. 186; *Kamerman* v. *LeRoy,* 133 Conn. 232. Based upon what is said hereinafter it is the court's considered opinion that the key case to the problem presented is *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, to which reference will again be made.

The essential facts require a statement. They are these: The premises are located in a business zone. There is an old building on the premises which was formerly used as a gasoline

filling station from 1930 until sometime in 1943, when such use was discontinued. In September, 1945, the plaintiff leased the premises from the owners for a period of twenty-five years commencing December 1, 1945, for the purpose of resuming a gasoline filling station business. It has been paying rent ever since under the lease and has expended $850 for curbing in compliance with a request of the street department. In October, 1945, the plaintiff applied to the defendant board for permission to reopen the station, which application was granted. The permission was not utilized by the plaintiff and in March, 1946, it made a second application to the board under the ordinance in question, requesting the permission to rebuild the existing buildings for the purpose of conducting a gasoline filling station business in modern structures. This application was granted March 18, 1946. Thereafter the plaintiff secured a building permit from the building department to construct the new buildings. Use of such a permit under the building code must be made within six months of its issuance or it becomes void. A renewal may be requested within that period and is automatically given upon payment of an additional fee. Due to shortage of building materials the plaintiff was unable to commence construction as planned. It did apply for and receive a renewal of permit every six months thereafter up to and including April, 1949. The last renewal issued to the plaintiff extended up until October, 1949. Because of inadvertence on the part of one of the plaintiff's representatives a further renewal was not requested and the issued permit became void. This circumstance was not realized by the plaintiff until early July, 1950, when it was ready to go forward with construction. Since the building permit originally issued as a result of the favorable action of the board in March, 1946, had expired for want of renewal in October, 1949, the plaintiff again made application to the board, which was denied as stated in the opening paragraph of this memorandum.

Had the application in question been the first of its kind presented to the defendant board by the plaintiff, and denied, the question presented would be of different character. It might be that such denial would come within the discretion conferred upon that board by law. The ratio decidendi in such cases as the *Delaney, Stavola* and *Kamerman* cases, supra, and *Devaney v. Board of Zoning Appeals,* 132 Conn. 537, 541, would doubtless enter into the problem on appeal. But these cases and the propositions of law for which they stand are not deemed germane. In the case at bar the board had already given its ap-

proval to the proposed construction and use a few years before. A reversal of its action is permitted only when there is justification and good cause. The record before the court does not support a finding of justification and good cause. Compare *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706.

In the case at bar the record can only confirm a conclusion that the board acted illegally and in abuse of its discretion in denying the application. There was no showing that traffic hazards, fire hazards, or diminution of property values would result. Nor does it appear that there is a detrimental condition existing today which arose since 1946. The secretary of the board at the time the application at bar was before it (now a member) testified at the trial of the appeal that the sole basis of the board's decision was the fact that five persons appeared at the hearing to oppose the application, whereas at the hearings on the earlier applications on which favorable action was taken there was no opposition. One objector was a business competitor. His objection deserves scant attention. *Benson* v. *Zoning Board of Appeals,* 129 Conn. 280, 284. The substance of the remaining objections is so speculative and indefinite as to have no practical value. Moreover, the expensive, modern and attractive buildings proposed to be erected by the plaintiff, representing an outlay of several thousands of dollars, nullifies any and all objections voiced as appearing of record.

In his brief counsel for the defendant states: "The Zoning Board of Appeals might very easily have come to the conclusion that since Maple Avenue was no longer a turnpike or speedway, it could properly develop into a street upon which other businesses such as drugstores and barber shops and neighborhood retail establishments could flourish." The short answer to this statement is that it is made to appear that this was not the basis of the board's decision.

The burden of proof to show that the board acted improperly is on the plaintiff. *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 178; *DeFelice* v. *Zoning Board of Appeals,* 130 Conn. 156, 164. It is the court's considered opinion that the plaintiff has sustained this burden on the record as a whole. The attention of counsel is particularly directed to the case of *Dadukian* v. *Zoning Board of Appeals,* supra, considered by the court to be the key to the decision in the case at bar. While the result obtained in that case is different, the difference lies in the distinction between facts appearing of record in that case

and controlling facts not appearing of record in the case at bar. It is the scope of that decision, and the underlying basis thereof, which controls the decision at bar. Applying the ratio decidendi of that decision to the case at bar it becomes manifest that the defendant board did not have before it those factors and circumstances justifying a reversal of its earlier action.

Judgment is required to enter reversing the action of the defendant board, with direction to grant the requested application sought by the plaintiff.