MARYLAND CLOTHING MANUFACTURING, INC. *v.*
MAYOR AND CITY COUNCIL OF BALTIMORE ET AL.
[No. 89, October Term, 1954.]

*Decided May 11, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Louis Singer* and *David S. Rosenberg* for the appellant.

*Francis J. Valle, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor,* and *Edwin Harlan, Deputy City Solicitor,* on the brief, for the Mayor and City Council of Baltimore.

*LeRoy E. Gerding* for Reid D. Harris.

BRUNE, C. J., delivered the opinion of the Court.

The appeal in this case is from an order of the Baltimore City Court dismissing an appeal from the Board of Municipal and Zoning Appeals of Baltimore.

On January 12, 1954, the Board of Municipal and Zoning Appeals (the "Board") approved the application of

Reid D. Harris, one of the appellees, for permission to erect a double-faced neon sign and a billboard sign on the premises at No. 720 Edison Highway, which is in a Second Commercial Use District in the City of Baltimore. The matter first came before the Board for a hearing on December 29, 1953, at which time no one appeared in opposition to the granting of the permit, but the Board found that the property had not been properly posted for the required ten-day period because the sign giving notice of the application and hearing had been hidden for a part of the time by a truck parked in front of it. The Board therefore required that the property be posted again and set January 12, 1954, as a new hearing date. A hearing was held on that date, again no one appeared in opposition, and the Board adopted a resolution approving the grant of the permit, and notice thereof was sent out the next day.

During March, 1954, the appellant, Maryland Clothing Manufacturing, Inc. (the "Clothing Company") which owns a nearby property, observed that the billboard was being constructed, and on March 30, 1954, it filed a protest with the Board claiming that it had had no notice of the hearing and asking that the matter be reopened. The Clothing Company filed some photographs with its protest and petitions signed by about fifty persons claiming lack of notice and also seeking to have the matter reopened. On April 6, 1954, the Board considered the Clothing Company's request and by a letter dated April 7th notified the Clothing Company that the Board declined to reopen the case. On April 20th it advised the appellant that its actions of April 6th were final. On April 26, 1954, the Clothing Company filed in the Baltimore City Court a "Petition and Appeal" which apparently sought to bring up for review both the original resolution of the Board granting the permit and the Board's refusal to reopen the matter, by asking a reversal of the "resolutions, determinations or judgments and acts of the Mayor and City Council of Baltimore City" and the revocation of the permit issued to Harris. The Mayor and City Council of Baltimore (the "City") and

Harris, who are the appellees here, filed a motion to dismiss the appeal. The Judge of the Baltimore City Court filed a memorandum which, as stated, has been treated as granting the motion, and the present appeal is from that action.

The principal contention of the Clothing Company is that the lot was not properly posted before the permit was granted. The transcript of the Board's proceedings on January 12 contains an express recital of the giving of public notice, the inspection of the premises and the holding of a public hearing—all of which actions are required by the Zoning Ordinance in a matter of this type. A transcript of the Board's proceedings on April 6, 1954, also contains an express statement by the Chairman of the Board that "The sign was posted," and a statement by another member of the Board that "We saw the sign." Counsel for the Clothing Company stated his clients were not urging fraud and that they believed Harris had actually posted the sign, and from an uncompleted sentence appears to have been contending that parked automobiles on the lot where the sign was erected in some way obstructed the view of the sign.

The trial judge concluded that the appeal to the Baltimore City Court was really from the action of the Board in approving the permit, which action was taken in January, 1954. Since the appeal was not filed until April, it was clearly not within the thirty-day time limit fixed by the State Zoning Enabling Act (Code 1954 Supp.), Article 66-B, Sec. 7(j)) or by the Zoning Ordinance of Baltimore, codified as Article 40, Sec. 40(a) of the Baltimore City Code, as amended by Ordinance No. 711, approved May 21, 1953.

The appellant seeks to avoid the statutory bar by asserting the right to appeal from the decision of the Board refusing to reopen the case, which was made on April 6, 1954. It bases this argument upon the provisions of the sections of the Enabling Act and of the Zoning Ordinance above cited which permit persons aggrieved by "any decision" of the Board to file a petition appealing from such decision. At this point the appellant is confronted by the

further provisions of the statute and ordinance that an appeal is permitted on the ground that the action complained of is "illegal, in whole or in part," and that the petition must specify "the grounds of the illegality." To sustain the appeal as against these limitations the appellant contends that the Board abused its discretion and acted illegally in refusing to reopen this matter. We may observe in passing that the limitations upon grounds of appeal imposed by the statute and ordinance result in substantially the same basis for judicial review of administrative action as this Court has recoginzed even in the absence of a statutory right of appeal or review in such cases as *Heaps v. Cobb*, 185 Md. 372, 45 A. 2d 73.

The appeallant's argument is built upon the statement in *Board of Zoning Appeals v. McKinney*, 174 Md. 551, 199 A. 540, that "It may be conceded without discussion that the Board has the right to correct errors in its decisions caused by fraud, surprise, mistake or inadvertence, which any agency exercising judicial functions must have to adequately perform its duties." The appeallant stops short of quoting the next sentence which is this: "Whether it has the right to reconsider its decision in a case which it has heard and decided, reopen the case and try it again, where there is no fraud, mistake, surprise or inadvertence, is another question." The Court then considered the facts of that case and the changes therein which had occurred after the original hearing and before the reopening of the case. The Court found that they made no real change insofar as the reason for rejecting the original application was concerned, and held that the "action of the Board * * * in reopening the case was beyond its powers and void." In reaching this conclusion this Court cited several authorities, which, in the interest of brevity, we shall not repeat here. We shall, however, note that the appellant's argument confuses two of those authorities—*People ex rel. Swedish Hospital v. Leo*, 120 Misc. (N. Y.) 355, 198 N. Y. S. 397, and *People ex rel. Brennan v. Walsh*, 195 N. Y. S. 264. In *People ex rel. Swedish Hospital*, which is slightly the later of the two cases, the court declined to follow the *Brennan* case and

said in part, "The general rule * * * is that such a board is not vested with the power to reopen and rehear a proceeding which has once been terminated." The appellant's brief is clearly in error in asserting that in the *Brennan* case the court stated that a contrary view was asserted in the "Leo" case "but prior opinion does not compel an adherence to a decision which incorrectly states the law."

The Supreme Court of Connecticut in *Dadukian v. Zoning Board of Appeals*, 135 Conn. 706, 68 A. 2d 123, has quoted from and adhered to *St. Patrick's Church Corporation v. Daniels*, 113 Conn. 132, 154 A. 343, which this Court quoted from and relied upon in the *McKinney* case. See also *Yokely, Zoning Law and Practice*, 2nd Ed., Vol. I, Sec. 128, and *Bassett, Zoning*, 1940 Ed., page 119, with regard to the absence or limitation of the power of a zoning board to reopen a case.

It makes no difference in the outcome of this case whether it is regarded as one in which the Board had no power at all to reopen the proceedings or as one in which the Board might have been warranted in doing so in the exercise of its discretion and under one or another of the grounds for reconsideration stated in the *McKinney* case. There is no charge of fraud; and we think that there is no evidence which would be sufficient to warrant our holding that the Board had abused its discretion by refusing to reopen the matter on the ground of surprise, mistake or inadvertence. Indeed, the evidence indicates that the Board gave careful consideration to the adequacy of posting. Not only did it inspect the premises and see the sign giving notice of the hearing to be held on January 12, 1954, at which the appellee, Harris', application for a permit was approved; but, of its own motion, on December 29th, 1953, the Board had required the property to be reposted because it was not satisfied that the first sign had been sufficiently visible during the required ten-day period.

We agree with the trial judge that the gravamen of the appeal is the action of the Board in granting the Harris application in January and that the appeal from

that action is too late. We are further of the opinion that either the Board was without power later to reopen the matter or that no abuse of its discretion in refusing to do so has been shown. In either view the judgment of the trial court must be affirmed.

*Judgment affirmed, with costs.*