PETER MROWKA ET AL. *v.* BOARD OF ZONING APPEALS
OF THE TOWN OF PLAINVILLE

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued October 9—decided November 11, 1947

*Wallace W. Brown,* with whom was *Arnold M. Sweig,* for the appellant (defendant).

*Leo V. Gaffney,* for the appellees (plaintiffs).

MALTBIE, C. J.  The plaintiffs made an application to the board of zoning appeals of the town of Plainville "to put up gas station and have a repairer's permit on corner of Woodford and Woodland St." and "to establish a business." The board denied the application. The plaintiffs appealed to the Court of Common Pleas, alleging that they had filed with the board an application for a certificate of approval of a location for a gasoline station at the place designated. The court sustained the appeal and the defendant board has appealed to this court.

A primary question arises out of the claim by the zoning board that the court had no jurisdiction of the appeal because of the joinder in the application to the board of a request for a permit to put up a gasoline station and a permit to make repairs to motor vehicles. While the application lacked formality, it is quite evident that, as the parties viewed it at the trial, the request had two aspects: It sought the certificate of approval of the location required before a license to sell gasoline and other products used in motor vehicles can be obtained from the commissioner of motor vehicles; General Statutes, Sup. 1941, § 242f; Cum. Sup. 1939, § 552e; and the like certificate required before the commis-

sioner can issue a license for the conduct of the business of repairing motor vehicles. Sup. 1941, §§ 212f, 214f. In both instances the statutes require that the certificate be issued by the zoning board of appeals if there is one in the town where the business is to be carried on. In the case of a certificate of approval of a location for the sale of gasoline, the statute was amended in 1941 to provide that an appeal lies only to the Court of Common Pleas; §§ 243f, 810f. Later, at the same session, the statute concerning the licensing of repairers of motor vehicles was enacted and signed by the governor, and it provided that an appeal from a zoning board with reference to the location for carrying on that business must be taken to the Superior Court. Sup. 1941, § 217f. While it would have been better practice for the plaintiffs to have made separate applications for the two certificates, we can see no fatal objection to the joinder of the two in a single application. When the board denied the application as a whole, the issues presented by the two requests were so separable that an appeal from the denial of the certificate as to the gasoline station only might not improperly be taken. Even in the strict procedure of the courts an appeal may be taken from a separable portion of a judgment. *Enfield* v. *Hamilton,* 110 Conn. 319, 322, 148 A. 353. Indeed, the zoning board, after it had treated the application as properly presenting both questions instead of requiring a separation, can hardly claim before the court that the applicants could not appeal from its decision in so far as it denied the certificate of approval for the gasoline station. The appeal was properly before the court.

The facts as presented in the finding, with slight amendments to which the defendant is entitled, may

be summarized as follows: Of the two streets at the intersection of which the premises in question are located, Woodford Avenue is a main traveled highway, substantially straight in either direction for a quarter of a mile or more. About 250 feet easterly of the location on Woodford Avenue there is a bridge over a stream, at that point the highway narrows, and because of this the traffic flow is retarded. To the south and east of the site are substantial residential areas including an extensive housing project and residents in them travel along Woodford Avenue, walking or in vehicles; children of school age customarily pass the location in question going to and from school, some walking, some on bicycles and some riding in busses. Busses use the avenue, and there is a bus stop in front of the premises in question for those going east and also one on the opposite side of the avenue for those going west. On the north side of the avenue, opposite the premises, is a large parking area which is used by employees of a nearby factory and which can accommodate several hundred vehicles. A considerable number of cars are also parked daily along Woodland Street in the vicinity of the premises. Ordinary traffic on the avenue is considerable, and at certain times, when employees are coming to or going from work, there occurs substantial traffic congestion.

The court further found that Woodland Street, except for the lot in question, is located in a residence B zone; that the lot in question is in an industrial zone; that the use the plaintiffs propose to make of it is permissible in such a zone, as is also the use of lots in it for retail stores, restaurants, hotels, theaters, banks, mortuary parlors, amusement parks, and other such purposes; and, stated

as a conclusion, that no greater hazard would be created by the use of the premises for a gasoline station than by other uses permitted in such a zone. Turning to the trial court's memorandum of decision, we find this to be the controlling consideration: "To exclude a gas station as a traffic hazard and yet regard" the other enumerated uses "as less likely to add to those traffic congestions or hazards inherent in any built up industrial zone seems to the court to be unsupported by rationality and therefore 'unreasonable and arbitrary' and so to that extent unlawful." Whether or not a location for a gasoline station is proper is to be determined upon the basis of the actual existing situation when the application is made. The ultimate question is whether the proposed use will unduly "imperil the safety of the public." General Statutes, Cum. Sup. 1935, § 647c. Such an inquiry, no doubt, involves a consideration of the other uses being made of premises in the vicinity; and the presence of other uses permissible in the zone where the premises are located may have an important bearing on the question. The finding in this case fails, however, to disclose that there is in the vicinity of the lot in question any "built up industrial zone." The zoning map in evidence does show that there are large areas zoned for business across Woodford Avenue from the location and east of a narrow strip on the east side of Woodland Street, but to what extent, except for the parking lot referred to in the finding, they are actually used for purposes permissible in an industrial zone does not appear. Moreover, that a use for a gasoline station would not create a greater traffic hazard than use for other permissible purposes in such a zone is hardly a matter of which a court can take judicial notice; indeed,

by requiring a certificate of approval for the location of a gasoline station and not for the other uses enumerated, the legislature has in effect established the contrary of the basis on which the court proceeded. To approve the court's reasoning would not only go against the judgment of the legislature but would destroy the right of a zoning board ever to refuse a certificate of approval for a gasoline station the proposed location of which was in an industrial zone, a conclusion which cannot be sound.

The error in the fundamental basis of the court's decision requires that we set aside the judgment unless certain other conclusions reached by the court are sufficient to support it. One was that the board had insufficient facts before it to deny the application. The trial court evidently based this conclusion upon the brief record of the hearing before, and the action taken by, the board; but it found that the members of the board were presumably familiar with the zoning map and zoning ordinance and that they had personally made observations of the location, traffic and surrounding conditions. It is not claimed that in so doing they acted improperly. They were entitled to regard the facts so learned by them to the same extent as though they were offered in evidence before them; see *Albright* v. *MacDonald,* 121 Conn. 88, 91, 183 A. 389; and no facts are included in the finding which were not such that the members of the board might not have learned of them by these means. Another conclusion of the trial court was that the action of the board in denying the application on the ground that there was not enough room for a gasoline station was a usurpation of the power of the motor vehicle commissioner. This conclusion must have been based on a re-

mark by one member of the board in making a motion to deny the application, when, among other things, he said, "There is not enough room." The statute requires a license from the commissioner for the sale of gasoline and other products used to propel motor vehicles; General Statutes, Sup. 1941, § 242f; but nothing in that statute precludes a zoning board from considering the size of the lot where it is proposed to establish the station, in so far as the space available is involved in determining whether the station will "imperil the safety of the public"; and nothing in the record shows that, even if we assume that the statement of the member indicated the basis upon which the board acted, the lack of space was considered for any other purpose. The court also concluded that the issuance of a license for the gasoline station at the location in question would be in no way harmful or detrimental to the public welfare; it was not for the trial court to substitute its judgment for that of the board but the issue before it was: Could the board reasonably conclude that the presence of the gasoline station at that place would unduly imperil the safety of the public? *Colonial Beacon Oil Co.* v. *Zoning Board of Appeals,* 128 Conn. 351, 354, 23 A. 2d 151.

The situation disclosed by the finding, including the number of vehicles and pedestrians, particularly children, passing the location, the traffic congestion at certain hours, the presence of the large parking area across the street, the parking of cars on Woodland Street, and the bus stops in front of and across from the premises, precludes a conclusion that the zoning board could not reasonably deny the application.

There is error, the judgment is set aside and the

case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.