ISABEL NICKERSON [THOMAS L. GRANT, CONSERVATOR, SUBSTITUTED PLAINTIFF] *v.* FLORENCE S. GRIFFING, ADMINISTRATRIX (ESTATE OF ELLA. L. SMITH)

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and QUINLAN, Js.

Argued April 9—decided May 19, 1953

*Nelson Harris,* with whom, on the brief, was *Charles G. Albom,* for the appellant (plaintiff).

*Lawrence M. Dooley,* with whom were *Vincent P. Dooley* and, on the brief, *M. Edward Klebanoff,* for the appellee (defendant).

BROWN, C. J. This is an appeal from a judgment of the Superior Court in Fairfield County affirming a decree of the Probate Court for the district of Danbury appointing Florence S. Griffing administratrix of the intestate estate of Ella L. Smith. The motion for appeal to the Superior Court alleged that Mrs. Nickerson, a woman ninety-three years of age, was a sister and an heir at law of the deceased Ella L. Smith, who died leaving no parents, children or

spouse; that on April 4, 1950, the Probate Court made an order appointing Florence S. Griffing administratrix of the decedent's estate; that Mrs. Nickerson was aggrieved by the order; that she "has a cause of action against the said Florence S. Griffing and others claiming that the administratrix and others combined to defraud the decedent and [Mrs. Nickerson] as well as all the other heirs"; that "[a] portion of said fraudulent proceedings was the obtaining of the apparent consent of [Mrs. Nickerson] to her appointment"; and that an administrator who is not charged with any such fraud and who will investigate the causes of action which the decedent might have is the proper and necessary type of appointee. No reasons of appeal were filed. The answer was a general denial. On the trial in the Superior Court the jury found the issues for the defendant and further expressly found "that the Order of the Probate Court . . . dated April 4, 1950, appointing Florence S. Griffing as Administratrix of said Estate is valid and of full force and effect." The court denied the motion to set aside the verdict and entered judgment that the order of the Probate Court is valid and of full force and effect. The plaintiff has appealed to this court. On his brief he presses only claimed errors in the charge and in rulings on evidence.

The plaintiff's claims of proof, which are not subject to material correction, may be thus summarized: Ella L. Smith died intestate in Danbury on March 28, 1950. Her only heirs and next of kin were three sisters, Isabel L. Nickerson, Cordelia Lockhardt and Grace L. McCleary. For a number of years immediately preceding the death of Mrs. Smith, these three heirs had lived with her at 68 Deer Hill Avenue. Florence S. Griffing was a stepdaughter of Mrs.

Smith and on April 4, 1950, was appointed administratrix of her estate by the order appealed from. Attorney Robert K. Watson was judge of probate for the district of Danbury on April 3, 1950, and thereafter. On the afternoon of that day, Watson went to the house at 68 Deer Hill Avenue, taking with him a quitclaim deed of the property and an application to probate the decedent's estate, both of which he had prepared after discussing them with Mrs. Griffing's husband, for whom he was personal counsel. While he was at 68 Deer Hill Avenue, the three surviving sisters in his presence executed the quitclaim deed, which conveyed their interests to Mrs. Griffing. No consideration was paid to them therefor. Mrs. Nickerson, who was then ninety-three years old, signed by a mark.

Before the three sisters signed the deed, Watson caused them as the sole heirs at law and next of kin of Mrs. Smith to sign in his presence the application to probate her estate. Contained in it was consent to the appointment of Mrs. Griffing as administratrix and a waiver of notice of any hearing on her appointment. Mrs Nickerson's signature of this paper was also by a mark. On that date and for approximately a year prior thereto, Mrs. Nickerson had a dementia senile psychosis, arteriosclerosis, faulty vision and hearing and a poor memory except for events long past. In consequence, on April 3, 1950, Mrs. Nickerson was incapable of knowing the nature and quality of her acts and was mentally incapable of signing a deed or an application for probate. Watson had no talk with Mrs. Nickerson before his call on April 3, 1950, and on that occasion he was there but twenty minutes at the most. He had never acted as counsel for any of the three surviving sisters prior to that date, but he had acted as Mrs. Griffing's counsel. The

deed was recorded the same afternoon, and the application was filed in the Probate Court on April 4, 1950.

On April 3, 1950, Nelson Harris, professing to act as attorney for Mrs. Nickerson, sent a telegram to Watson as judge of probate requesting notice of all proceedings concerning the estate. The contents of the telegram were telephoned to the probate office at 2:30 p. m. and the telegram was delivered there later that day. The application for probate signed by the three sisters recited that the hearing was set for April 4, 1950, at 10 a. m. and the court record is that it was then held and that Mrs. Griffing was then appointed. Judge Watson construed his conversations with the heirs at 68 Deer Hill Avenue on April 3, 1950, as the hearing on the application, leaving the qualification of Mrs. Griffing as administratrix as the only thing for determination on April 4, 1950.

The gist of the defendant's claims of proof is as follows: Mrs. Nickerson at the time she signed the waiver was in good physical condition for a woman of her age and competent to handle her own affairs. Watson fully explained to her the contents of both the quitclaim deed and the application for probate, she thoroughly understood them, and all formalities in their execution were duly met. At the time, she expressed a desire that Mrs. Griffing be appointed administratrix and duly waived notice of the hearing on the application. The three sisters desired, and fully understood the import of, the appointment of Mrs. Griffing, which Watson, an old family friend, had explained to them.

The primary and determinative question as to whether there was reversible error concerns the court's charge to the jury. The question is presented by the criticism of the charge stated in the plaintiff's

brief in these words: "In failing to charge, as plaintiff requested, only on the issue of non-assent to waiver of notice and charging the cause to be one of de: conspiracy by a public officer, the court placed too great a burden on the plaintiff." While this statement lacks clarity, the purport of the plaintiff's supporting argument is that the court by its charge should have restricted the issue for the jury's determination to whether Mrs. Nickerson was mentally capable when she signed the application for probate and, so, to whether her consent to Mrs. Griffing's appointment and the waiver of notice of the hearing was valid, and that the court should not have submitted to the jury the issue of conspiracy involving Watson as judge of probate. It is urged that, while the motion for appeal does allege that the defendant "and others combined to defraud" Mrs. Nickerson by fraudulently obtaining her apparent consent, this was not designed to charge Watson as a conspirator but was simply to disclose that the estate of Mrs. Smith had a cause of action against Mrs. Griffing because of her fraud, so that she could not properly be appointed administratrix, and that Watson, charged with knowledge that Mrs. Nickerson's waiver of notice was apparent and not real, should as judge of probate, upon receipt of Harris' telegram, have allowed "a full dress hearing on the appointment."

Accordingly, the plaintiff in his brief quotes this portion of the court's charge as constituting reversible error: "The sole question is for you to determine whether Judge Watson and others combined or conspired to defraud Mrs. Nickerson by causing her to sign this application for the appointment of Mrs. Griffing as the administratrix of Mrs. Smith's estate. As I say, it's a very serious charge to make at any

time, and it's a very serious charge, of course, to make against a public officer, but it is for you to determine as a question of fact whether there has been this conspiracy or this combination and this fraud on the part of Judge Watson and others." Inasmuch as no reasons of appeal had been filed, the court was compelled to resort to the motion for appeal, supplemented by the evidence presented on the trial, to determine just what were the issues of fact involved in the case. The allegations of the motion for appeal, in connection with the claims of proof, leave no doubt that the question of a conspiracy participated in by Watson was squarely presented on the trial and that it was necessary for the court to charge upon that issue. It is to be noted that the word "sole" in the passage quoted was merely used by the court to make clear that in what followed it was dealing with Mrs. Nickerson's signature on the application for probate, as distinguished from that on the quitclaim deed, which the court had discussed in the immediately preceding sentence. Earlier in the charge, the court had stated to the jury the plaintiff's claim that Mrs. Nickerson was mentally incapable at the time she signed the application and that it was therefore invalid, and carefully and properly explained the legal principles which the jury should apply in determining whether she was capable and whether her signature was valid and effective to constitute a waiver. At the close of the paragraph from which the above passage is quoted, the court again referred to the issue of competency and left the question to the jury as one of fact for them to determine.

One of the plaintiff's numerous requests to charge which was not adopted by the court recited among other claims that, since no valid consent or waiver by Mrs. Nickerson had been shown, a hearing by the

Probate Court was necessary, no proper notice thereof was given, no hearing was duly held, the discussions in the home of the three sisters did not constitute such a hearing, and, in view of the notice by Attorney Harris' telegram, there was no basis for entering the order appealed from. Section 6840 of the General Statutes provides that any person interested in the granting of administration upon an estate, if he gives to the Probate Court the notice prescribed, shall receive at least five days' notice of any hearing in the matter. Section 6980 provides that the notice requisite upon the granting of administration may be dispensed with by the court if all persons interested shall file a written waiver of it. In view of these statutes, it is manifest that the notice under § 6840 given by the telegram was unavailing to render the court's decree invalid, nor is it invalid by reason of the other claims recited in the request to charge in question, since, as appears above. the jury's verdict established that the waiver signed by Mrs. Nickerson and her consent to the appointment of the administratrix were valid. There was no error in the court's charge to the jury.

The first two assignments of error in rulings upon evidence require no consideration because of the plaintiff's failure to comply with § 405 of the Practice Book and to utilize Form No. 560 therein. The court did not err in refusing to strike the testimony of Mrs. McCleary that Mrs. Griffing, after her father had died intestate, deeded her two-thirds of the Deer Hill Avenue house to Mrs. Smith to supplement the latter's one-third interest, and that the consequent understanding for thirty-five years among the sisters, pursuant to Mrs. Smith's expressed wish, was that the house should go back to Mrs. Griffing. This was in answer to a question as to "what was the

reason" that the three sisters had deeded the property to Mrs. Griffing. The sole ground stated for the plaintiff's motion to strike the answer was that it was "not responsive." The other two rulings complained of merit no discussion.

There is no error.

In this opinion the other judges concurred.