CARL DUBIEL ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EAST HARTFORD ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued June 8—decided July 12, 1960

*Ralph C. Dixon,* for the appellants (plaintiffs).

*Marvin Apter,* for the appellee (defendant Singer), with whom was *Louis B. Warren,* for the appellee (defendant board).

BALDWIN, C. J. This is an appeal from a judgment of the Court of Common Pleas dismissing an appeal from the granting of a certificate of approval by the zoning board of appeals of East Hartford for the location of a gasoline station on the south side of Silver Lane opposite the intersection of Gold Street in that town. See General Statutes §§ 14-321, 14-322. The proposed location is in an industrial zone where gasoline stations are permitted under the zoning regulations. East Hartford Zoning Regs., art. 3, § 7 (1955). The plaintiffs own residential property in a residence A zone nearby.

In October, 1954, the board denied an application for a certificate of approval for the location in question. The applicant's appeal was sustained in the Court of Common Pleas, but the action of that court was reversed on appeal to us. *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 122 A.2d 218. The board had denied the application because, "due consideration being given to the width of the highway and effect on public travel," a gasoline station at the location would imperil the safety of the public. Id., 317. The reason was a lawful and proper one. § 14-322; *Executive Television Corpo-*

*ration* v. *Zoning Board of Appeals,* 138 Conn. 452, 455, 85 A.2d 904; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 153, 55 A.2d 909. In April, 1958, an application to the board for a "special exception" for the erection of a gasoline station failed of approval on a tie vote of four of the five members of the board then present. The minutes of the board give as a reason for its action that there were "[n]ot enough votes to carry the motion to approve." It should be noted that an application for a "special exception," presumably sought under the zoning regulations, was not an appropriate method for securing the approval of the board for the location of a gasoline station. In November, 1958, an application for a certificate of approval pursuant to §§ 14-321 and 14-322 was filed. On November 20, 1958, the board voted approval, stating in its minutes as the reason for its action, "Change in conditions which have eliminated hazard." The plaintiffs claim that the trial court erred in not reversing the action of the board because (1) the traffic hazard had not been eliminated by any change in conditions, and (2) the board is powerless to reverse itself in the absence of some material change in the conditions which existed at the time of the previous denial.

Section 14-321 requires that any person who desires to obtain from the commissioner of motor vehicles a license to sell gasoline under § 14-319 shall present to the commissioner a certificate of approval of the location from the proper authority, in this instance the zoning board of appeals, in the town where the proposed site is located. Section 14-322 provides for a hearing by the board. It specifically states: "No such certificate shall be issued unless such . . . board of appeals finds that such location

is suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public." When acting under these statutes, the board is not dealing primarily with zoning but is performing a separate function delegated to it as an agency of the state. *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* supra, 319; *Dadukian* v. *Zoning Board of Appeals,* 135 Conn. 706, 712, 68 A.2d 123; see *Mason* v. *Board of Zoning Appeals,* 143 Conn. 634, 637, 124 A.2d 920.

The language of § 14-322 is explicit in stating what the board is to consider when it acts upon an application. We have said that a zoning board of appeals is an administrative body, that it acts informally, and that no finding of the facts upon which its action is based is required unless the statutes specifically demand it. *Saporiti* v. *Zoning Board of Appeals,* 137 Conn. 478, 482, 78 A.2d 741, and cases cited; *Hlavati* v. *Board of Adjustment,* 142 Conn. 659, 665, 116 A.2d 504; see *Couch* v. *Zoning Commission,* 141 Conn. 349, 358, 106 A.2d 173. In a case dealing with the granting of a certificate under the predecessor to § 14-322, we said: "[W]hile the statute does not in terms require a formal finding of facts, it is, nevertheless, highly desirable that the minutes contain a full and complete statement of the action of the board, with such particularity as will enable a court, upon appeal, to clearly understand what was done." *Perdue* v. *Zoning Board of Appeals,* 118 Conn. 174, 179, 171 A. 26; see 8 McQuillin, Municipal Corporations (3d Ed. Rev.) p. 665; 2 Rathkopf, Law

of Zoning and Planning (3d Ed.) p. 169; *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.*, 145 Conn. 243, 252, 140 A.2d 874. In the *Perdue* case, supra, it appeared from the minutes of the board that substantially all of the issues which the statute required it to consider were raised. It also appeared (p. 177) that the members of the board had viewed the location. In the case at bar, the minutes of the board contain as a reason for granting the certificate the single statement, "Change in conditions which have eliminated hazard." This is not a finding that the "location is suitable for the sale of gasoline and other products" and that such use of the location "will not imperil the safety of the public." § 14-322. To support such a finding, the record of the board should demonstrate, either in its minutes or in the transcript of the hearing which it held, that due consideration was given by the board to the presence or absence of the factors specifically stated by the statute to affect suitability and safety, to wit, "the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel."

In 1954, the board specifically found, in the terms of the statute, that the location was not suitable for the sale of gasoline and that such a use would imperil the safety of the public. See A-342 Rec. & Briefs 195. Before that decision may be reversed, it must appear that there has been a change in conditions or that other considerations materially affecting the merits of the subject matter have intervened and no vested rights have arisen. *Sipperley* v. *Board of Appeals on Zoning,* 140 Conn. 164, 167, 98 A.2d 907, and cases cited; *Dadukian* v.

*Zoning Board of Appeals,* 135 Conn. 706, 712, 68 A.2d 123. True, it is for the board to decide within reason whether both applications seek substantially the same thing. *Fiorilla* v. *Zoning Board of Appeals,* 144 Conn. 275, 278, 129 A.2d 169. There is no question in this case that they did. Therefore, if the board was to grant a certificate of approval, its minutes had to set forth the change in conditions which warranted a reversal of its previous decision. A transcript of a hearing held in April, 1958, on the application for an exception was incorporated into the hearing on the present application. But the court on appeal is left to surmise and conjecture, so far as the minutes of the board's actions are concerned, as to what change in conditions the board found and whether it gave consideration to all of the factors specifically mentioned by the statute.

The members of the board are entitled to take into consideration whatever knowledge they acquire by personal observation. *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 66, 127 A.2d 48. There is nothing in the record of the proceedings of the board in the instant case, however, as there was in *Hlavati* v. *Board of Adjustment,* 142 Conn. 659, 662, 116 A.2d 504; *Dadukian* v. *Zoning Board of Appeals,* supra, 710; and *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909, to show that any or all of its members had viewed the location or had any personal knowledge of it. It is too much to expect that laymen serving gratuitously on local administrative bodies will prepare with meticulous detail a finding of facts and ultimate conclusions after the manner of courts of law. However, where a board is acting pursuant to a statute or an ordinance which requires a specific finding made after a consideration of enumerated

factors, the minutes of the board should show that due consideration was given to those factors and that the conclusion reached was within the power given to the board. See *Woodford* v. *Zoning Commission,* 147 Conn. 30, 31, 156 A.2d 470, and cases cited. We said in that case that the failure of the zoning commission to "state upon its records" its reason for changing a zoning regulation or the boundaries of a zoning district did not make the change void. Here, we are concerned with the reversal of a prior decision under a statute which requires a specific finding by the zoning board of appeals, an administrative body, acting in a special capacity. Our purpose is not to exalt technicality but rather to facilitate judicial review, to assure a more careful administrative consideration, and to keep the administrative agency within the bounds of its functions and powers. See 2 Davis, Administrative Law § 16.05.

There is error, the judgment is set aside, and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.