CARL DUBIEL ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EAST HARTFORD ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 4—decided November 6, 1962

*Ralph C. Dixon,* for the appellants (plaintiffs).

*Marvin Apter,* for the appellee (defendant Singer), with whom was *Richard C. Willard,* for the appellee (defendant board).

ALCORN, J. This is the third time that the action of the defendant board on an application, under §§ 14-321 and 14-322 of the General Statutes, for approval of the identical location for a gasoline station has been before us for review. Throughout the litigation, the property has been, and still is, owned by the Silver Lane Pickle Company. In the first instance, the board, in 1954, denied an application made by the landowner, and on appeal we sustained the conclusion of the board that the "location was not suitable for the sale of gasoline and other products because, 'due consideration being given to the width of the highway and effect on public travel,' the presence of a gasoline station there would imperil the safety of the public." *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 317, 122 A.2d 218. In April, 1958, Robert L. Carlton, a prospective purchaser of the property, took the inappropriate course of applying for a special exception to erect a gasoline station on the site, and the board denied the application by an equally divided vote among the four members who were present. At the April hearing, the applicant claimed a change in conditions owing to the removal of elm trees, the hard-surfacing of the shoulders of the road and the installation of storm sewers. In November, 1958, on an application, under §§ 14-321 and 14-322, by Joseph Singer, another prospective purchaser of the property, the board reversed its 1954 action and approved the application for a certificate, giving as its reason, "Change in conditions which have eliminated hazard." At the hearing in November, 1958, the board had before it the transcript of the April, 1958, hearing, and the applicant asked the board to act on the basis of the evidence in that transcript, claiming that no other change had oc-

curred. On appeal, we refused to sustain the decision of the board because its minutes left to conjecture whether it had considered the factors specified in the statute (§ 14-322) and what change in conditions it had found to exist. *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 522, 162 A.2d 711. The essential background is set forth in our previous decisions and needs no repetition.

On August 12, 1960, another application for a certificate of approval was made by Singer, and, following a hearing, the board, on September 12, 1960, granted the application, stating as its reasons: "This location is suitable for the sale of Gasoline and other products. Due consideration being given to the proximity of schools, churches, theaters or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such proposed location will not imperil the safety of the public. Material changes since 1954, namely, removal of tall elm trees, which obscured vision, paving shoulders of the road and installation of storm sewers. These shanges [sic] have Dimenated [sic] the 1954 hazard. All members of this board have personal knowledge of this situation." The plaintiffs, admittedly aggrieved property owners who were numbered among the sixty-six persons opposing the application at the hearing held by the board, appealed to the Court of Common Pleas. That court dismissed the appeal, and from that judgment the present appeal is taken.

At the 1960 hearing, the only evidence offered by the applicant was that there had been no change in the conditions since the hearing in November, 1958. The board had before it, without objection, the transcript of the November, 1958, hearing and also that

of the hearing held in April, 1958. The changes claimed to have taken place between the date of the denial of the application by the board in 1954 and the date of the hearing in 1960 were those advanced at the hearing in April, 1958, that is, that the shoulders of the road had been hard-surfaced, that storm sewers had been installed, and that four or five elm trees had been removed. The removal of the trees was the principal subject of inquiry at the 1960 hearing. It appeared from the testimony at that hearing that all of the trees had been off the highway, that one and possibly two had stood on the proposed gasoline station site, and that two others had stood 50 and 100 feet east and west, respectively, of the site. The plaintiffs, on the other hand, offered evidence that traffic on the road was much heavier in 1960 than it was in 1954, that new stores have been erected to the east and attract increased traffic, that the storm sewers had been constructed under the sidewalks and had nothing to do with the road, and that there is a school bus stop at the proposed site.

The most recent decision of the board was obviously phrased in an attempt to meet the reasons for our reversal of its 1958 decision. That aside, the question now is simply whether the reasons stated by the board for the present decision set forth a change in conditions material enough to justify a reversal of its 1954 decision. *Dubiel* v. *Zoning Board of Appeals*, supra; *Rommell* v. *Walsh*, 127 Conn. 272, 277, 16 A.2d 483. To constitute a material change, there must be a showing that the change militates against the objections formerly interposed. *Burr* v. *Rago*, 120 Conn. 287, 293, 180 A. 444, and cases cited. The 1954 conclusion of the board was that this location was un-

suitable, "due consideration being given to the width of the highway and effect on public travel." The 1954 hearing had concerned itself principally with conflicting evidence regarding the curvature of the road, sight distances, the volume of traffic, posted speeds, and the like, and we concluded that the board had ample support in the testimony and the exhibits for its conclusion that a gasoline station at the proposed location would present a traffic hazard and involve a safety factor. *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* supra, 318. There is nothing to indicate that the shoulder surfaces, the presence of trees on the abutting land, or the presence or absence of storm sewers played any significant part in this determination. We are unable to find, on this record, that the reasons given for the 1960 decision of the board constitute changes material enough to justify a reversal of its former action.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.