THE ATLANTIC REFINING COMPANY ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAVEN

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 4—decided May 28, 1963

*Edward T. Blair,* for the appellant (defendant).

*John H. Weir,* with whom was *William M. Mack,* for the appellees (plaintiffs).

SHEA, J.  The named plaintiff, hereinafter called the company, applied to the defendant, pursuant to General Statutes § 14-321, for the approval of a location for a gasoline station.  The defendant denied the application, and the company appealed to the Court of Common Pleas.  The land on which the company planned to put the station consists of two adjoining parcels, one of which is owned by the plaintiff Vincent H. Manzi and another; the other parcel is owned by the plaintiff Dominick DeLuca and five others.  The plaintiff Sibarco Corporation has an option to purchase both parcels of land, and if and when it becomes the owner it will lease the property to the company.  Manzi, DeLuca and the Sibarco Corporation joined the company as co-plaintiffs in the appeal to the Court of Common

Pleas. The court rendered judgment sustaining the appeal and directing the defendant to issue a certificate of approval of the location. From that judgment the defendant has appealed to this court.

The property has a frontage of 120 feet on the easterly side of North High Street in East Haven. It is in an industrial zone and lies just north of an exit ramp of the Connecticut Turnpike and south of Hudson Street which intersects North High Street from the east. North High Street is about thirty-two feet wide. There is a dirt or cinder sidewalk in front of the property, and the company plans to replace this walk with a concrete one if the gasoline station is erected. On the westerly side of North High Street, opposite the proposed location of the station, there is an area of solid rock ledge, and it is not feasible to put in a sidewalk on that side of the street. There is a junior high school about one-quarter of a mile away, at the foot of Hudson Street. A large number of students walk by the property on their way to and from school. The nearest theater is about four and one-half blocks away. The nearest church is on Main Street about four blocks away, and there is another church on North High Street about half a mile north of the property. The public hearing was held on June 27, 1961. On July 3, 1961, the defendant, at an executive session, denied the application, endorsing thereon the following notation: "After a lengthy discussion, the appeal was denied for safety reasons."

The plaintiffs claim that the record before the defendant does not contain any facts to support its decision. Section 14-322 of the General Statutes does not require a formal finding of facts by a board of appeals. Nevertheless, it is highly desira-

ble to have the minutes contain a statement of the action of the board with such particularity as will enable the court, on appeal, to understand what was done. *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 520, 162 A.2d 711. The defendant, in denying the application "for safety reasons," in effect made a finding that the proposed use of the location would imperil the safety of the public. *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 66, 127 A.2d 48. To support this finding, the minutes of the meeting of the defendant or the transcript of the hearing held by it should demonstrate that due consideration was given to the two basic requirements which an applicant must prove to justify the approval of a location for the sale of gasoline. The first is the suitability of the proposed location in view of the proximity of schools, churches, theaters or playhouses or other places of public gathering, intersecting streets, traffic conditions, width of the highway and the effect of public travel; the second is that the use of the proposed location will not imperil the safety of the public. General Statutes § 14-322; *Dubiel* v. *Zoning Board of Appeals,* supra, 521; *McDermott* v. *Zoning Board of Appeals,* 150 Conn. 510, 512, 191 A.2d 551. The burden of proving both requirements is on the applicant. *Dubiel* v. *Zoning Board of Appeals,* supra.

The appendices to the briefs of the parties clearly show that the basic requirements enumerated in the statute were uppermost in the minds of the board members at the time of the hearing. The width of the street, the lack of sidewalks, the proximity of the junior high school, the use of the street by the students going to and from school, the location of churches in the neighborhood and other factors

affecting the public safety were the subject of extended discussion at the hearing. From that discussion, it is quite apparent that some of the members of the board were well acquainted with the area, and the comments made by them indicated that they were aware of certain dangerous conditions which already existed there. Another factor having an important bearing on the safety of the public was the traffic coming into North High Street from the exit ramp of the Connecticut Turnpike. This ramp is immediately south of the premises described in the company's application. One of the entrances to the proposed station would be but a few feet north of where the exit ramp meets the eastern boundary of North High Street. Such an arrangement would undoubtedly increase traffic congestion in the area. Obviously, the members of the board had personal knowledge of the situation, and they were entitled to take that knowledge into consideration. *Dubiel* v. *Zoning Board of Appeals,* supra, 522; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. It was the duty of the court on appeal to review the action of the board and decide whether it had abused the discretion granted to it by the statutes. The court could not substitute its discretion for the liberal discretion given the board. *Gulf Oil Corporation* v. *Board of Selectmen,* supra, 65. It is evident from the facts considered at the hearing that there was ample support for the conclusion reached by the board.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion the other judges concurred.