SOCONY MOBIL OIL COMPANY, INC. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF ENFIELD

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued November 4—decided December 22, 1965

*J. Brooks Johnson, Jr.,* for the appellant (plaintiff).

*Robert B. Berger,* for the appellee (defendant).

SHANNON, J. The plaintiff applied to the defendant board pursuant to General Statutes § 14-321 for the approval of a location for a gasoline station. The board denied the application, and the plaintiff appealed to the Court of Common Pleas. The court rendered judgment dismissing the appeal, from which the plaintiff appealed to this court.

The property, which is on the south side of Elm Street in the Thompsonville section of the town of Enfield and approximately 375 feet east of a ramp of interstate route 91, is directly across the street from a large shopping center, which had not been opened at the time of the hearing before the board. Abutting the property on the south is land occupied by a building housing bowling alleys.

At the public hearing, the plaintiff introduced evidence as to the layout of the proposed station, the population of the town, the ratio of cars per gasoline station in the state and in the town, and

its views concerning the traffic situation and the proximity of the bowling establishment. The opponents introduced evidence as to the traffic hazard and the proximity of the shopping center and the building housing the bowling alleys.

The plaintiff claims that the record before the board contained no evidence that a gasoline station at the proposed location would imperil the safety of the public or increase the traffic hazard. It claims that the board was concerned more with the traffic conditions which might be generated on all of Elm Street by the then uncompleted shopping center and that it could not properly use an anticipated traffic increase from one business establishment to justify its refusal to permit another business establishment across the street.

In determining the suitability of a proposed location for a gasoline station and whether or not it will issue a certificate of approval, the zoning board of appeals is acting as a special statutory agent of the state under §§ 14-321 and 14-322 of the General Statutes. *McDermott* v. *Zoning Board of Appeals,* 150 Conn. 510, 511, 191 A.2d 551; *Dubiel* v. *Zoning Board of Appeals,* 147 Conn. 517, 520, 162 A.2d 711. Its decision should indicate that due consideration had been given to the two basic requirements which an applicant must prove to justify the approval of a location for the sale of gasoline. The first is the suitability of the proposed location in view of the proximity of schools, churches, theaters or other places of public gatherings, intersecting streets, traffic conditions, width of the highway and the effect of public travel. The second is that the use of the proposed location will not imperil the safety of the public. General Statutes § 14-322; *Dubiel* v. *Zoning Board of Appeals,* supra, 521. The burden

of proving both requirements was on the applicant. *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 150 Conn. 558, 561, 192 A.2d 40; *Dubiel* v. *Zoning Board of Appeals,* supra.

The minutes of the executive meeting and the stipulation of the narrative of the testimony at the hearing clearly show that these basic requirements were uppermost in the minds of the board members at the time of the hearing and of their decision. They reveal considerable discussion concerned with definitions of traffic and safety hazards. The board members were aware of anticipated dangerous conditions involving the width of Elm Street, the impracticability of widening it, the existing traffic, the probable influx from the recently opened, new highway, with its ramp 375 feet west of the proposed gasoline station location and the customary traffic increase incident to the opening of a new shopping center. In this connection the members of the board were entitled to consider their personal knowledge of the situation. *Dubiel* v. *Zoning Board of Appeals,* supra, 522; *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909.

In denying the plaintiff's application, the board gave as its reason that the "[b]asis of disapproval was the potential traffic hazard, particularly in conjunction with the anticipated traffic to be generated by the shopping center now under construction on the opposite side of Elm Street." In effect the board made a finding that this was not a suitable place for a gasoline station and that it would imperil the safety of the public.

It was the duty of the court on appeal to review the action of the board and decide whether it had abused the discretion granted to it by the statute. The court could not substitute its discretion for the

liberal discretion given to the board. *Atlantic Refining Co.* v. *Zoning Board of Appeals,* supra, 562; *Gulf Oil Corporation* v. *Board of Selectmen,* 144 Conn. 61, 65, 127 A.2d 48. There was ample support for the conclusion reached by the board.

There is one other assignment of error to be discussed. The plaintiff claims that the court erred in refusing to permit it to introduce additional evidence or testimony not offered at the public hearing before the board. These rulings were not set forth in any finding as required by Practice Book § 609 and Form No. 604. It is not possible therefore to consider them. *Dargie* v. *Hartford,* 150 Conn. 261, 263, 188 A.2d 491; *Nickerson* v. *Griffing,* 139 Conn. 720, 727, 97 A.2d 559.

There is no error.

In this opinion the other judges concurred.