JOHANNA ETZEL *v.* ZONING BOARD OF APPEALS OF
THE TOWN OF NORTH HAVEN

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 5—decided November 9, 1967

*Robert B. Snow, Jr.,* with whom was *Thayer Baldwin, Jr.,* for the appellant (plaintiff).

*Lawrence J. Carboni,* with whom, on the brief, was *Albert W. Cretella,* for the appellee (defendant).

ALCORN, J. The plaintiff has appealed from a judgment of the Court of Common Pleas dismissing her appeal from the action of the defendant zoning board of appeals in refusing to grant a certificate of approval for the location of a gasoline service station under General Statutes §§ 14-321 and 14-322.

The plaintiff owns land in a light industrial zone in North Haven. Under § 6.1.20 (a) of the North Haven zoning regulations, automobile service stations are a permitted use in such a zone, but no permit for the construction of an automobile service station may be issued until the proposed location has been approved as suitable by the zoning board of appeals and, following such approval, certain designated physical aspects of the layout have been approved by the planning and zoning commission. North Haven Zoning Regs. § 6.3.6.3 (1964).[1] The zoning regulations thus place an automobile service station in the category of a special exception. *Maher* v. *Town Planning & Zoning Commission*, 154 Conn. 420, 422, 226 A.2d 397; *Powers* v.

[1] "[North Haven Zoning Regs. § 6.3.6.3 (1964).] No permit for the construction of any automobile service station, public garage, new or used car automobile show rooms or outdoor sales areas shall be issued until the proposed location shall have been found suitable and approved by the Zoning Board of Appeals. In considering the suitability of location, said Zoning Board of Appeals shall consider the proximity of said location to schools, parks, playgrounds, hospitals, churches, theaters or buildings for civic or public assembly and shall also consider the proximity of other similar uses, and the best use of the proposed location taking into consideration the health, welfare and best interests of the neighborhood, surrounding property owners and its effect on travel and traffic and such other residential, commercial or industrial uses in the area. After such approval of location is obtained, such permit shall not be issued until the signs, exterior lighting, architectural treatment, layout of driveways and other paved areas shall have been approved by the Planning and Zoning Commission."

*Common Council,* 154 Conn. 156, 160, 222 A.2d 337; *Huhta* v. *Zoning Board of Appeals,* 151 Conn. 694, 697, 202 A.2d 139; *Silver Lane Pickle Co.* v. *Zoning Board of Appeals,* 143 Conn. 316, 317, 122 A.2d 218; see also *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 513, 199 A.2d 685. The fact that § 6.3.6.3 of the regulations does not use the term "special exception" is of no consequence. *Powers* v. *Common Council,* supra, 159; *Cameo Park Homes, Inc.* v. *Planning & Zoning Commission,* 150 Conn. 672, 678, 192 A.2d 886; *Summ* v. *Zoning Commission,* 150 Conn. 79, 86, 186 A.2d 160. The language of the section makes clear that no permit for the construction of an automobile service station is to be issued until the special conditions pertaining to that use of the land have been satisfied.

The plaintiff and the Gulf Oil Corporation, holder of an option to purchase the plaintiff's property, applied to the defendant zoning board of appeals for a certificate of approval of the location for a gasoline service station pursuant to General Statutes §§ 14-321 and 14-322 and for a variance of the front-yard requirement to permit construction of a canopy over the pump area and the construction of a building sixty-nine feet from the property line. No application was made for approval of the location under § 6.3.6.3 of the zoning regulations. At the hearing, the applicants abandoned the request for a variance and sought only the approval of the location under the General Statutes.

In passing on the application for approval of the location under § 14-322 of the General Statutes, the board was required to act as a special statutory agent of the state and, as such, to be governed by the requirements of that section. *Socony Mobil Oil Co.* v. *Zoning Board of Appeals,* 153 Conn. 257, 259,

216 A.2d 201; *Helfant* v. *Zoning Board of Appeals,*
153 Conn. 93, 95, 214 A.2d 371; *Herrup* v. *Hartford,*
140 Conn. 622, 627, 103 A.2d 199. By proceeding as
they did, without seeking or having sought a special
exception under the zoning ordinance, the appli-
cants adopted a procedure calculated to place the
board in the incongruous position of undertaking
to decide whether the location was suitable for the
sale of gasoline under the tests enumerated in Gen-
eral Statutes § 14-322 before it was asked to decide
whether the location was suitable and approved for
an automobile service station under § 6.3.6.3 of the
zoning regulations. The applicants thus invited the
creation of the anomalous situation described in
*Sun Oil Co.* v. *Zoning Board of Appeals,* 154 Conn.
32, 36, 221 A.2d 267. As we said in that case: "The
issuance of a certificate of approval for a location
which is not favorably zoned only obscures the
rights of an applicant and serves no useful pur-
pose." A location which did not meet the require-
ments of § 6.3.6.3 of the zoning regulations could
scarcely be called suitable under General Statutes
§ 14-322.

Following a hearing, the board unanimously
denied the application, stating that it "took into
consideration the proximity of other similar uses
and feels it is not in the best interests of the Town
to add another gasoline service station in this area.
Washington Avenue is already congested with gaso-
line stations and many of them have changed hands
several times during the recent months. In addi-
tion, the Board feels that there is a reasonable ques-
tion of safety at this site."

To support this conclusion, the minutes of the
meeting of the board or the transcript of the hear-
ing which it held should demonstrate that due con-

sideration was given to the two basic requirements which the applicants were required to prove in order to justify the approval of the location for the sale of gasoline. "The first is the suitability of the proposed location in view of the proximity of schools, churches, theaters or playhouses or other places of public gathering, intersecting streets, traffic conditions, width of the highway and the effect of public travel; the second is that the use of the proposed location will not imperil the safety of the public." *Atlantic Refining Co.* v. *Zoning Board of Appeals,* 150 Conn. 558, 561, 192 A.2d 40.

The appendices to the briefs indicate that the factors pertinent to the requirements of § 14-322 were before the board in detail. They indicate further that the chief controversy was over traffic conditions at the proposed location, which was on Washington Avenue near an interchange to interstate route 91 and opposite a T-shaped intersection of Washington and Blakeslee Avenues. The board had before it statements and testimony concerning the width of Washington Avenue, pedestrian use, traffic volume, and conflicting claims concerning the extent and nature of the traffic hazard involved. There was evidence that Washington Avenue was a "high volume" highway and that vehicles exiting from and entering the interstate route 91 interchange must cross traffic lanes on Washington Avenue. There was also testimony that the vicinity was already oversupplied with gasoline stations. From these and other factors before it, the board concluded that there was "a reasonable question of safety at this site."

The language of the decision was but a way of saying that the board was unanimously of the opinion that the location was not suitable for the

construction of a gasoline station and that the applicants had failed to sustain their burden of proof that "the proposed location would not imperil the safety of the public." The conclusion of the court, on appeal, that the board did not abuse the discretion vested in it in deciding as it did on the facts considered at the hearing cannot be disturbed.

There is no error.

In this opinion the other judges concurred.