[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 6897
On May 9, 1996, the respondent Christine Mock (applicant) submitted an Application for Resubdivision to the Planning Commission of the Town of Roxbury (Commission), for the creation of one-three-acre building lot from an 11-acre parcel. (Record, Tab A 1, Resubdivision Application — May 9, 1996); Record, Tab E 2 — Minutes, Roxbury Planning Commission Regular Meeting, p. 2 — May 9, 1996).
The applicant submitted along with her resubdivision application a record subdivision map, soil and erosion plan, application fee, and receipts of certified letters to abutting property owners. (Record, Tab A 1 — Resubdivision Application 0 May 9, 1996).
A public hearing on the application was held on June 13, 1996. (Record, Tab E 3, Minutes, Roxbury Planning Commission Public Hearing (June 13, 1996); Record Tab F 2, Transcript, Roxbury Planing Commission Public Hearing, June 13, 1996). Following the public hearing and meeting on June 13, 1996, the commission voted to approve the resubdivision application. (Record, Tab E 4, Minutes, Roxbury Planning Commission, Regular Meeting p. 2 — June 13, 1996).
"The court's function in reviewing an administrative agency's action is a limited one. 'In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal.'Double I Limited Partnership v. Plan Zoning Commission,218 Conn. 65, 72 (1991)." Zaldumbide v. Zoning Board of Appeals, No. CV 90 270866 (Conn. Super Ct., July 23, 1992, 1992 Ct. Sup. (LOIS) 6961, 6963.
"In reviewing an appeal from an administrative agency, the trial court must determine whether the agency has acted unreasonably, arbitrarily, illegally or in an abuse of its discretion. . . ." (Citations omitted.) Smith v. Zoning Board ofAppeals, 227 Conn. 71, 80, 629 A.2d 1089 (1993), cert. denied,114 S.Ct. 1190 (1993). "The burden of proof is on the plaintiff to demonstrate that the commission acted improperly." Spero v.Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991).
In reviewing the evidence before it on appeal from a zoning CT Page 6898 authority's decision, the trial court cannot substitute its own judgment for that of the zoning authority. Goldberg v. ZoningCommission, 173 Conn. 23, 27 (1977).
"[U]pon appeal, the trial court reviews the record before the [commission] to determine whether it has acted fairly or with proper motives or upon valid reasons. . . . Willard v. ZoningBoard of Appeals, 152 Conn. 247, 248-49, 206 A.2d 110 (1964)."Paige v. Town Plan Zoning Commission, 35 Conn. App. 646, 655
(1994). The court's function on appeal is not to determine whether the agency could have reached a conclusion other than the one reached. Rather, it focuses on the conclusion of the agency, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported. See, Paige v. Town Plan Zoning Commission, 35 Conn. App. 646,655 (1994).
"It is well established that when reviewing a subdivision application, a planning commission acts in an administrative capacity. Forest Construction Co. v. Planning ZoningCommission, 155 Conn. 669, 674, 236 A.2d 917 (1967). If the application conforms to the regulations, the commission has no discretion and must approve it. Conversely, the application must be denied if it does not conform to the regulations. Westport v.Norwalk, 167 Conn. 154, 157-58, 355 A.2d 25, (1974); Gagnon v.Municipal Planning Commission, 10 Conn. App. 54, 57, 521 A.2d 589
(1987)." Reed v. Planning Zoning Commission, 12 Conn. App. 153,155-156 (1987).
"The commission enjoys reasonable discretion in construing the regulations it is charged with enforcing. Spero v. ZoningBoard of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991);Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988)." Paige v. Town Plan Zoning Commission,35 Conn. App. 646, 655 (1994). "The commission is entrusted with the function of interpreting and applying its . . . regulations; . . . ."Samperi v. Planning and Zoning Commission, 40 Conn. App. 840,844 (1996).
 I
The appellant has alleged in her appeal that the commission violated Section 5 of the regulations in that it approved the applicant's application even though the applicant never submitted the maps and plans in the format required by Section 5 of the CT Page 6899 regulations, which maps and plans were required prior to approval of the application. (Appellant's appeal, para. 12(b).). More particularly, the appellant alleges that the applicant failed to comply with the requirements of Section 5.3 of the regulations (Appellant's appeal, para. 6); and that the applicant failed to comply with the requirements of Section 5.6 of the regulations. (Appellant's appeal, para. 7).
The appellant claims that Section 5.6 of the regulations requires an applicant to submit a site analysis plan to permit the commission to evaluate the impact of the proposed subdivision on the land that is the subject of the application, on neighboring parcels, and on the natural and cultural resources and features of the area. According to the appellant's brief, the regulations require the site analysis plan to include "interalia: contours at 2' intervals; water courses, flood plains and streambelts; watershed boundaries; and areas recommended for preservation as open space on the Roxbury Open Space Plan and Map which is a part of the Roxbury Plan of Development." (Appellant's Brief, pp. 4-5). The appellant argues that "[n]o Site Analysis Plan was ever submitted in connection with the application." (Appellant's Brief, p. 5). She adds that the site analysis plan would have required the applicant to "identify wooded areas and specimen trees in excess of 30" in diameter. Regulations 5.6.2." (Appellant's Brief, p. 5). The appellant also argued that "a portion of the boundary between the two properties is Moosehorn Brook, which is a designated streambelt in the Roxbury Plan of Development. (Record, F2, p. 12) The site analysis plan would have had to include information on the streambelt and its boundaries in relation to the property being subdivided. Regulations, Section 5.6.2." (Appellant's Brief, pp. 5-6).
The record contains all of the documentation required for a site analysis plan which was submitted by the applicant to the commission on or before May 31, 1996. The commission found on the record that all of the requirements which were required to be met for resubdivision approval, were met by the applicant. A review of the record shows that all of the requirements of Sections 5 and 11 were met by the applicant. The appellant's assertions to the contrary are incorrect. Absent any evidence to the contrary in the record, the commission complied with all of the aforementioned regulations.
The appellant argues that the site analysis plan did not show contours at 2' intervals. (Appellant's brief, p. 4). She argues CT Page 6900 that specimen trees in excess of 30 inches in diameter were not identified. (Appellant's brief, p. 5). Such failures, even if proven by the appellant, are not sufficient to invalidate the commission's approval of the application. "Commissions are not required to turn down an application due to insignificant deficiencies." Paige v. Town Planning and Zoning Commission ofTown of New Fairfield, 35 Conn. App. 646, 660 (1994).
The appellant has also alleged that the commission failed to require adherence by the applicant to several portions of Section 5.3 of the regulations. (Appellant's appeal, para. 6). It should be noted that although the appellant has alleged several violations of Section 5.3 of the regulations, she has not briefed any of the alleged violations for the court. Therefore, those issues associated with those allegations must be deemed abandoned. The appellant has alleged that Section 5.3 of the regulations states that the record subdivision map shall include, "inter alia: a soils map showing boundaries of soil types having severe limitations and low or very low potential for soil absorption sewage disposal facilities; all areas of severe slope, slopes exceeding 15% and all areas of shallow depth to bedrock, twenty inches (20") or less above bedrock; areas within a 100 year flood hazard area; the proposed septic-leach field system and its distance from adjacent uses of land, including distances from wells; and the location of percolation test holes and deep hole tests keyed to the sanitary report required by the regulations." (Appellant's Appeal, para. 6).
A review of the facts refutes the appellant's assertions.
 II
The appellant has alleged in her appeal that the commission "violated Section 11 of the regulations in that it approved the application even though the applicant never submitted the Sanitary Report and related information, and Water Supply Report required by Section 11 of the regulations, which reports and related information were required prior to approval of the application." (Appellant's Appeal, para. 12(c)).
The appellant argues in her brief that the commission "completely disregarded Section 11 of its Regulations." (Appellant's brief, p. 6). She adds that "[n]o Water Supply Report was ever submitted in connection with the application."Id. CT Page 6901
A review of the record shows that all of the requirements of Section 11 of the regulations were met by the applicant, and reviewed by the commission. Any failings on the part of the applicant, are not sufficient enough to invalidate the approval made by the commission. See, Paige v. Town Planning and ZoningCommission of Town of New Fairfield, 35 Conn. App. 646, 660
(1994).
 III
The appellant has alleged that, "[i]n approving the application, the Commission acted illegally, arbitrarily and in abuse of the discretion vested in it in one or more of the following respects: a) the Commission violated Section 2.7 and 10.0 of the Regulations in that it failed or refused to consider whether the application conformed to the Town Plan of Development. . . ." (Appellant's Appeal, para. 12). The appellant has alleged that Section 2.7 of the regulations states that a proposed subdivision plan "shall conform to the Roxbury Zoning Regulations and to the Roxbury Plan of Development as adopted by the commission in accordance with Section 8-23 of the Connecticut General Statutes, as amended." Id. at para. 4. See also, (Record, Tab G 2, Subdivision Regulations of the Town of Roxbury as Amended, Section 10.0, p. 36 (April 28, 1988)).
The appellant argues that the commission, in passing upon the application, "failed or refused to consider whether the application conformed to the Town Plan of Development." (Appellant's brief, p. 7).
The commission did consider Section 2.7 and Section 10 of the regulations, and came to the determination that in a subdivision of the size proposed by the applicant, no further consideration was required to be given to whether or not the proposal conformed to the plan of development. The commission decided, in its discretion, that given the size of the applicant's resubdivision plan, it would not run contrary to the plan of development of the Town of Roxbury.
The appellant has cited Raybestos-Manhattan, Inc. v. Planning Zoning Commission of the Town of Trumbull, 186 Conn. 466 (1982) in support of its argument. She argues that based upon that case, "a planning commission has ample authority to enact a requirement [that a subdivision conform to the plan of development] and to CT Page 6902 deny a subdivision application for its failure to comply with the plan of development."
Upon a review of the record, the court finds that the commission did review the application and made a determination that the proposal did not run counter to the plan of development. Therefore, the commission rightfully decided to approve the application on the basis that it conformed with the plan of development. The fact that the commission did not express its conclusions as articulately as the appellant may have liked, may not be held against it.
"It must be borne in mind, however, that we are dealing with a group of laymen who may not always express themselves with the nicety of a Philadelphia lawyer. Courts must be scrupulous not to hamper the legitimate activities of civil administrative boards by indulging in a microscopic search for technical infirmities in their actions." Couch v. Zoning Commission, 141 Conn. 349, 358,106 A.2d 173 (1954); see also Pecora v. Zoning Commission,145 Conn. 435, 445, 144 A.2d 48 (1958). "[A] local land use body is composed of laymen whose procedural expertise may not always comply with the multitudinous statutory mandates under which they operate." Gagnon v. Inland Wetlands Watercourses Commission,213 Conn. 604, 611, 569 A.2d 1094 (1990); see also Samperi v.Inland Wetlands Agency, 226 Conn. 579, 589, 628 A.2d 1286 (1993). "It is too much to expect that laymen serving gratuitously on local administrative bodies will prepare with meticulous detail a finding of facts and ultimate conclusions after the manner of courts of law." Dubiel v. Zoning Board of Appeals, 147 Conn. 517,522, 162 A.2d 711 (1960).
 IV
Based upon the foregoing, the court finds that the commission did not abuse its discretion in approving the subdivision application and therefore dismisses the appeal.
PICKETT, J.