BOARD OF EDUCATION OF WEST HAVEN *v.* COMMISSION
ON CIVIL RIGHTS OF THE STATE OF CONNECTICUT

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued April 6—decided May 17, 1966

Ira B. Grudberg, amicus curiae, filed a motion for reargument which was dismissed.

*Charles H. Fischer, Jr.,* with whom, on the brief, were *Eugene J. Dorsi, Herbert D. Fischer* and *James T. Brennan,* for the appellant (plaintiff).

*Carl D. Eisenman,* assistant attorney general, with whom were *F. Michael Ahern,* assistant attor-

ney general, and, on the brief, *Harold M. Mulvey,* attorney general, for the appellee (defendant).

*Ira B. Grudberg* filed a brief as amicus curiae but did not argue the cause.

MURPHY, J. Borden P. Steeves filed a complaint dated December 18, 1963, with the commission on civil rights, charging that the board of education in West Haven had discriminated against him because of his age when it appointed a supervisor of adult education, a position for which he was a candidate. A hearing tribunal of three hearing examiners heard the complaint. In a two to one decision, the tribunal's majority concluded that the board had committed an unfair employment practice in violation of General Statutes § 31-126 in that it had discriminated against Steeves because of his age, and the tribunal ordered the board to offer Steeves the supervisor's position for the following school year and to pay him the salary for the two school years he had lost. The board appealed to the Superior Court, which sustained the action of the tribunal and dismissed the appeal. From the judgment rendered, the board has taken this appeal.

In 1963, the position of supervisor of adult education in the West Haven school system became vacant when the incumbent, Edward L. Bennett, was appointed assistant superintendent of schools. On September 3, 1963, the board voted to limit the applicants for the vacancy "to qualified classroom teachers, department heads or supervisors with administrative potential." This qualification resulted from the recommendations of an educational consultant from Columbia University who had surveyed the West Haven school system a year before.

A new high school and several elementary schools were being built. The consultant advised training and using teachers with administrative potential for appointment as administrators as the system expanded.

At the next regular meeting of the board on October 1, 1963, the agenda contained a recommendation of the assistant superintendent of schools, approved by the superintendent, that Steeves be appointed supervisor of adult education and that George Richards be appointed as his assistant. A board member, Donald D. Dest, protested that the item should not have been on the agenda since the members had not seen or reviewed the applications for the position. Another member, Jerome Campane, then moved to make the appointments in accordance with the recommendation. The motion was seconded. At the request of Dest, action on the motion was postponed to permit the board members to examine the applications. There were five or six applicants. During the examination and discussion of the applications, Dest remarked that Steeves was fifty years of age and that he wanted a young man to be training as a potential administrator in this position. After a forty-five minute discussion, the motion was put to a vote and was lost four to two. The Reverend Jervis S. Zimmerman, rector of the Christ Church in West Haven, then moved to appoint Richards as supervisor and William J. Heffernan as his assistant. This motion was seconded by the secretary, Paul C. Anderson, and was carried four to two.

There was no stenographic or mechanical recording of the minutes of the meeting or of the discussions between the members. The clerk of the board, a nonmember, prepared a summary of the high-

lights of the meeting as being the minutes thereof. Dest's observation of Steeves' age appears in the summary, which also states that Mr. Zimmerman agreed with Dest's remarks. There is no other reference in the minutes to Steeves' age or that his age as such was discussed by the members of the board as an element to be considered in selecting one of the applicants for the vacancy.

Steeves' complaint of discrimination was filed with the commission within the statutory period; General Statutes § 31-127; and was properly before the hearing tribunal after it had been processed by the commission's representatives. The tribunal held hearings on December 10, 1964, and on February 17, 1965. Four of the six board members who participated in the October 1, 1963, meeting testified. Melvin E. Wagner, who was, at the time of the meeting, the superintendent of schools, and Bennett, his assistant at that time, also testified. Between the date of that meeting and the hearings by the hearing tribunal, Bennett succeeded Wagner as superintendent of schools. With the exception of Campane, all of the board members who testified denied that Steeves' age was a consideration influencing them in turning down the advisory recommendation of the superintendent although Dest admitted that, when he was looking over Steeves' application, he had mentioned that Steeves was fifty years old. Dest testified that Steeves, although he had been in the school system for quite some time, had not demonstrated any administrative ability and that in his opinion Steeves did not possess the qualifications for the position which Richards did. Mr. Zimmerman testified that the statement in the summary of the minutes that he agreed with Dest's remarks referred to his agreement "with

the general tenor of his remarks that we wanted someone who seemed to show promise as a future administrator in our system, for whom this would serve as an in-service training position, not with any specific reference to his age." Anderson testified that he could not recall any discussion relative to age at the October 1, 1963, meeting and that he voted for Richards over Steeves because Richards' certification was a little broader and because Richards was ambitious and aggressive and, in his judgment, was better qualified for the position. The fourth member of the board who voted for Richards was Frank Gebauer. He did not testify before the hearing tribunal.

Bennett, the superintendent of schools at the time of the hearings, had been the supervisor of adult education prior to the September 3, 1963, meeting when he resigned in order to become the assistant superintendent of schools. He testified that, at this meeting, there was a general discussion by the members of the board and the superintendent and assistant superintendent concerning the restriction of candidates for the position of supervisor of adult education to nonadministrative school personnel. The pros and cons of this policy were discussed, and as a result the board voted to limit the applicants to qualified classroom teachers, department heads and supervisors with administrative potential. Age was not mentioned in that discussion. Bennett testified further that he prepared the recommendation of Steeves which appeared on the agenda for the October 1, 1963, meeting. That recommendation was approved by the superintendent and was submitted in his name. Bennett did not recall any mention of age at the October meeting although at the previous meeting the dominant factor was the

advice of the educational consultant that younger men with potential be appointed to positions in which they could acquire administrative training. Both Steeves and Richards had similar backgrounds although in different fields. Bennett leaned toward Steeves because Steeves had taught under him in the evening school. The recommendation was advisory only, and the responsibility for the appointment rested solely with the board. Richards at the time was thirty-six or thirty-seven years of age. Bennett also testified that, on four or five occasions prior to October, 1963, Steeves had been unsuccessful in obtaining appointment to vacancies in the system. These included two principalships and an assistant principalship as well as the head of his own particular department. The man who was appointed to the latter position was about ten years older than Steeves.

Earlier in 1963, the board had caused a notice of a vacancy to be posted which limited the position to applicants under fifty years of age. The age requirement was eliminated upon receipt of a letter from the commission on civil rights that the commission considered the age limitation to be a violation of the Fair Employment Practices Act. When the position of supervisor of adult education became vacant, the members knew from experience that, if age was considered as a factor in the selection of an appointee, the charge of discrimination might be raised.

The reference to Steeves' age by Dest appears to have been taken out of context by the majority of the hearing tribunal and to have been given undue weight in arriving at their decision. Had age been a factor in motivating Dest's vote, the record fails to support, let alone prove, that the other

three members who voted against Steeves were similarly motivated. The isolated observation of one member cannot be imputed to his colleagues on the board as the reason for the board's action. See *Mrowka* v. *Board of Zoning Appeals,* 134 Conn. 149, 154, 55 A.2d 909. Nor could the tribunal conclude that age was the decisive factor by merely disbelieving the assertion by those board members who testified that it was not the decisive factor. *Martino* v. *Grace-New Haven Community Hospital,* 146 Conn. 735, 736, 148 A.2d 259; *Edwards* v. *Grace Hospital Society,* 130 Conn. 568, 575, 36 A.2d 273; *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153, 32 A.2d 639.

The trial court in its memorandum of decision stated that it had reviewed the complete record of the proceedings including the minutes of the October meeting, the exhibits, the tribunal's finding and the transcript of the hearing before the tribunal. It stated, however, that it disagreed with the tribunal's conclusion that Steeves had been denied the position of supervisor because of his age since the court was convinced that the motive behind the board's selection of Richards was influenced by the desire to appoint a person who had future administrative potential. Nonetheless, the court sustained the tribunal's finding since it felt that there was evidence which, if believed, would support the finding. Whether that decision is proper depends upon the application of the provision in General Statutes § 31-128 (b) that "[t]he findings of the hearing tribunal as to the facts, if supported by substantial and competent evidence, shall be conclusive."

It is not without significance that neither the commission nor amicus curiae advanced any claim in their briefs that the evidence which supported

the commission's findings was "substantial." It is referred to as being "competent", but nowhere is the argument advanced that it is also "substantial." The reason for the failure of the commission to advocate that the findings of the tribunal meet the test laid down in *International Brotherhood* v. *Commission on Civil Rights,* 140 Conn. 537, 542, 102 A.2d 366, can be found in the following quote from the dissenting opinion of the minority member of the hearing tribunal where he states that, in reaching the conclusion that the board had refused to appoint Steeves because of his age, the majority "have termed the sworn testimony of three members of the Board, who voted for the appointment of the successful candidate, 'obviously colored' by knowledge subsequently obtained, and therefore to be discarded. This [the majority's conclusion] is completely speculative and constitutes an inference not warranted by the evidence. The majority sets one criterion for judging the action of the two members of the Respondent (one of whom testified) who supported the Complainant, and an entirely different criterion for judging the action of the four members (three of whom testified) who supported the successful candidate. We as a Hearing Tribunal must be vigorous in protecting the rights of a victim of an unfair employment practice when and if it is proved by a fair preponderance of the evidence. To hold for a Complainant on speculation, as here, is to substitute our judgment for that of the Respondent. The majority decision professes to avoid this result, but in fact achieves it." No question has been raised as to the competency of the evidence. It, however, lacks the substance which carries conviction. It is not evidence adequate for a reasonable mind to accept to support a con-

clusion. Substantial evidence "means something more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established." *Imperial Laundry, Inc.* v. *Connecticut State Board of Labor Relations,* 142 Conn. 457, 462, 115 A.2d 439; *Hoyt-Bedford Co.* v. *Connecticut State Board of Labor Relations,* 147 Conn. 142, 147, 157 A.2d 762. The finding that the board discriminated against Steeves because of his age is not supported by the substantial evidence required by law, and the order predicated thereon is inoperative. We do not feel it essential in this case to discuss the other claims of error.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.