GEORGE PETERS *v.* BERNARD SHAPIRO, WELFARE COMMISSIONER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-688-37575

Argued April 7—decided July 25, 1969

*Neal Ossen,* of Hartford, with whom, on the brief, was *Arthur Hiller,* of Hartford, for the appellant (plaintiff).

*Robert K. Killian,* attorney general, and *Francis J. MacGregor,* assistant attorney general, for the appellee (defendant).

JACOBS, J.   On April 16, 1968, the plaintiff, the recipient of aid as a needy blind person (see 49 Stat. 647, as amended, 42 U.S.C. § 1206 [Sup. IV, 1969]), made application to the state welfare department for "requested payment of dental work." He claimed that a tooth underneath a bridge on his right lower jaw was decayed; that to "alleviate this condition his bridge must be removed, the decayed tooth extracted, another tooth added to the bridge and the bridge hooked on to a new tooth." He complained that "whenever he drinks a cold or hot beverage the pain is so intense that he must use a pain killing drug prescribed by his medical doctor." On April 27, 1968, the commissioner of welfare denied the plaintiff's request for payment of such dental work.

Aggrieved by the decision of the welfare commissioner, the plaintiff filed a request for a fair hearing (§ 17-2a), and on June 17, 1968, a hearing was held at the Hartford district office by a hearing examiner authorized by the commissioner to conduct such a hearing. At the evidentiary hearing, a social worker connected with the welfare department testified that "it is our understanding that approval is seldom given for partial dentures such as were requested."

On July 15, 1968, the hearing officer handed down his decision, in which he held that "[t]he denial of . . . the appellant's request for a fixed bridge is upheld." The decision seems to have been based upon a staff directive and upon an ex parte report of the department's dental consultant, who "considers that the appellant has adequate teeth at present."

In appraising the transcript before the hearing examiner, in respect to the issues we decide, we are in the same position as the trial judge, for the evidence before the hearing examiner is before us in the form in which it was presented to the trial judge. Our review of the proceedings must be confined to the record made at the administrative hearing. That the scope of the review is narrowly circumscribed is beside the point; the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review.

In approaching the problem posed by this case, we recognize the continuing vitality of Mr. Justice Holmes's oft-quoted remark: "The Fourteenth Amendment does not enact Mr. Herbert Spencer's Social Statics." *Lochner* v. *New York,* 198 U.S. 45, 75 (dissenting opinion). Nor is it our intention "to pass 'from the narrow confines of law into the more spacious domain of policy.' " *Securities & Exchange Commission* v. *Chenery Corporation,* 318 U.S. 80, 99 (dissenting opinion). Nevertheless, "[a]s the federal social security legislation is an attack on recognized evils in our national economy, a constricted interpretation of the phrasing by the courts would not comport with its purpose." *United States* v. *Silk,* 331 U.S. 704, 712; see *Celebrezze* v. *Bolas,* 316 F.2d 498, 500; *Kohrs* v. *Flemming,* 272 F.2d 731, 736; *Randall* v. *Flemming,* 192 F. Sup. 111, 120. We recognize that at a hearing before an administrative officer, the strict rules of evidence prevailing in

courts of law or equity are not controlling. See *New Milford Water Co.* v. *Watson,* 75 Conn. 237, 247. The obvious purpose of this and similar provisions is to free administrative agencies from the compulsion of technical rules so that matters may be received in evidence which might otherwise be deemed incompetent in judicial proceedings. "But this assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force." *Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U.S. 197, 230.

Section 17-2b provides: "The findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive." "But as has often been pointed out, this, as in the case of other findings by administrative bodies, means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. 'It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *National Labor Relations Board* v. *Columbian Enameling & Stamping Co.,* 306 U.S. 292, 299; see *Consolo* v. *Federal Maritime Commission,* 383 U.S. 607, 619; Stason, " 'Substantial Evidence' in Administrative Law," 89 U. Pa. L. Rev. 1026.

The record before us does not show that the dental consultant testified at the fair hearing; there is nothing to show that the dental consultant ever saw or examined the plaintiff. We have no way of knowing whether the hearing examiner possessed specialized knowledge, technical competence or experience in the field of dental care. The hearing officer

accepted the staff report as gospel. His function was nothing more than "signing on the dotted line." The law requires proof by evidence, not by staff memoranda. There must be a responsible finding. There is no such finding here.

The record as it now stands does not furnish adequate evidential support for the hearing officer's determination. We conclude that he acted so arbitrarily as to constitute an abuse of his discretion.

There is error, the judgment is set aside and the trial court is ordered to remand the case to the fair hearing officer for such further or additional proceedings, not inconsistent with this opinion, as may be appropriate.

In this opinion DiCenzo and Kinmonth, Js., concurred.