CAROL LINDY *v.* WELFARE COMMISSIONER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 14

Argued April 8—decided July 16, 1975

*Elliott Taubman,* for the appellant (plaintiff).

*Robert K. Killian,* attorney general, and *Joseph X. Dumond, Jr.,* and *Lorna M. Dwyer,* assistant attorneys general, for the appellee (defendant).

SPEZIALE, J.  In July, 1970, the plaintiff requested payment from the defendant welfare commissioner for medical transportation to the office of her physician, who was treating her with two vitamin B-12 shots per week.  In accordance with welfare regulations, on September 22, 1970, a form W-610 was submitted to the welfare department requesting reimbursement for medical transportation.  That request was denied by the department, and, pursuant to § 17-2a of the General Statutes, the plaintiff requested a fair hearing.  A hearing was held on January 13, 1971, at which time the plaintiff presented evidence in support of her request for reimbursement.  On February 1, 1971, the fair hearing officer upheld the department's denial of the plaintiff's request for medical transportation expenses.  The memorandum of decision was devoid of any findings of fact.  It was affirmed on appeal to the Circuit Court on the ground that the "decision was based on policy set forth by the [defendant] and until such policy is deemed unconstitutional by a higher Court, then this Court *must* sustain the decision of the Fair Hearings Officer as being proper and within his [sic] authority." (Italics supplied.)

The principal issue presently before this court is contained in the plaintiff's fifth assignment of error that the Circuit Court refused to find "that the Commissioner of Welfare acted illegally, arbitrarily or in abuse of his discretion in this case."  The determination of that issue, which the court below did not substantively consider, is dispositive of this appeal and renders unnecessary a discussion of the plaintiff's other assignments of error.[1]

[1] The other assignments of error are fully discussed and decided by this court in *Helm* v. *Welfare Commissioner*, 32 Conn. Sup. 595, also decided this date.  This case and the *Helm* case have been treated together by the parties and the trial court.  The plaintiff in her brief states that that was done "for the sake of judicial efficiency."  Nothing could be further from what actually resulted.  Pleadings and briefs have been used interchangeably.  Even the

It does not appear that there are any findings of fact in the memorandum of decision. Findings of fact are required by General Statutes § 17-2b (b) which states: "The findings of the commissioner or his designated hearing officer as to the facts, if supported by substantial and competent evidence, shall be conclusive." The only part of the fair hearing officer's memorandum of decision which approximates a finding of facts is the quotation of a letter from the chief of medical services, but that is not a finding. Furthermore, that letter came to the attention of the fair hearing officer after the fair hearing. In fact, during the hearing the fair hearing officer stated that the matter would be referred to the department's medical review team for its reconsideration. A fair hearing officer is only allowed to consider the evidence introduced at the hearing. General Statutes § 17-2b; Regs., Conn. State Agencies, § 17-2b-1. Also, no physician testified at the fair hearing.

The function of this court is to examine the record to determine whether the findings of the agency were supported by substantial evidence. Findings supported by substantial evidence cannot be disturbed. *New Canaan* v. *Connecticut State Board of Labor Relations,* 160 Conn. 285, 288; *L. Suzio Construction Co.* v. *Connecticut State Board of Labor Relations,* 148 Conn. 135, 138; *Imperial Laundry, Inc.* v. *Connecticut State Board of Labor Relations,* 142 Conn. 457, 461. Substantial evidence must afford a substantial basis of fact from which the fact in issue can be reasonably inferred. *Board of Education* v. *Commission on Civil Rights,* 153 Conn. 652,

trial court's memorandum of decision, although filed separately, is identical in each case. Both cases are replete with procedural problems, many of which were not raised by the parties but which should be considered by this court. A great deal of the confusion can be attributed to these two separate actions being treated as one case.

660. "It means something more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established." *Corey* v. *Avco-Lycoming Division,* 163 Conn. 309, 322.

In this case, not only is the hearing officer's memorandum of decision lacking in reference to substantial evidence, but there is a significant absence of any basis of fact whatsoever. The memorandum, dated February 1, 1971, begins with a brief procedural history of the plaintiff's request for medical transportation expenses and application for a fair hearing. A copy of the decision of the district medical consultant is incorporated verbatim. There then follows two pages of pertinent law, quoting from the General Statutes and the welfare manual. The memorandum ends with the bald statement that "[t]he district office is upheld in the denial of medical transportation." Nowhere does the hearing officer make a finding of facts or even attempt to apply the law to the facts of this case. See Regs., Conn. State Agencies, § 17-2b-2.[2]

A failure to find the facts can only be viewed as an abuse of discretion which arbitrarily and illegally works a hardship on the plaintiff by making it impossible for this court to review the decision of the fair hearing officer and determine whether her conclusions are supported by "substantial and competent evidence" as required by § 17-2b (b) of the General Statutes.

---

[2] "[Regulations of Connecticut State Agencies] Sec. 17-2b-2. MEMORANDUM OF DECISION. A formal memorandum of decision shall be prepared by the hearing officer and sent to the appellant. If the appellant has been represented by legal counsel at the hearing, a copy of the memorandum of decision shall be sent also to his attorney. Such memorandum shall include a statement of the point or points at issue at the time the hearing was requested and a summary of related facts, specific provisions of law and policy applicable to the case and the reasoning on which the decision is based and conclude with a statement of the decision. (Effective April 4, 1967.)"

This case is very similar to *Peters* v. *Shapiro,* 5 Conn. Cir. Ct. 603, decided by the Appellate Division of the Circuit Court, in which the plaintiff, a needy blind person, applied to the state welfare department for payment of dental work. After the welfare commissioner denied the request for payment, the plaintiff sought and was given a fair hearing. The hearing officer upheld the denial of the plaintiff's request on the basis of a staff directive and an ex parte report of the department's dental consultant. The court in *Peters* noted that, in appraising the transcript before the hearing examiner, it was in the same position as the trial judge and had to confine its review of the proceedings to the record made at the administrative hearing. "That the scope of review is narrowly circumscribed is beside the point; the courts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review." Id., 605.

The court in *Peters* stated that it had no way of knowing whether the hearing examiner possessed specialized knowledge, technical competence, or experience in the field of dental care. The hearing officer had accepted the staff report as gospel, and his function was nothing more than "signing on the dotted line." Since the law requires proof by evidence, not staff memoranda, and since there must be a responsible finding, the court concluded that the record did not furnish adequate evidential support for the hearing officer's determination and he "acted so arbitrarily as to constitute an abuse of his discretion." Id., 607.

In this case, as in *Peters,* the hearing officer's decision was based on a staff report which was accepted summarily. In *Peters* the staff report was presented at the hearing. In the present case the letter of the chief of medical services came to the

attention of the hearing officer only after the hearing, and no physician testified at the hearing. Since a hearing officer is only allowed to consider "evidence introduced before him" under General Statutes § 17-2b, the facts of this case are even more supportive of the conclusion of *Peters* than the facts presented therein.

In this case there is neither proof by evidence, nor a responsible finding, nor reference to any facts at all, other than the medical report submitted after the hearing. There must be such a finding before this court can consider the substantive issues raised on appeal. Since the memorandum of the hearing officer does not furnish evidential support for the commissioner's decision, we are compelled to conclude that the commissioner acted so arbitrarily and illegally as to constitute an abuse of discretion.

There is error, the judgment is set aside, and the case is remanded with direction to render judgment returning the case to the defendant commissioner to be proceeded with in accordance with this opinion.

In this opinion, BARBER and SPONZO, Js., concurred.