BEVERLY SPRINGER *v.* NICHOLAS NORTON,
WELFARE COMMISSIONER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 16

Argued April 8—decided August 27, 1975

*Donald L. Becker,* for the appellant (plaintiff).

*Carl R. Ajello,* attorney general, and *Robert A. Nagy,* assistant attorney general, for the appellee (defendant).

SPEZIALE, J. This is an appeal by the plaintiff from a judgment of the Circuit Court dismissing an appeal from the decision of the defendant commissioner discontinuing public assistance benefits to the plaintiff.

On or about February 21, 1974, the plaintiff, a recipient of public assistance under the federal aid

to families with dependent children program (AFDC), was notified by the welfare department that her monthly assistance grant would be discontinued effective March 15, 1974, due to the presence of her husband, the children's father, in the home. That discontinuance arose out of a complaint by her landlord that the rent was overdue and that the plaintiff's husband was in the home and the landlord's statement, which later was proved false, that the lease for the apartment had been signed by both the plaintiff and her husband. The plaintiff made a timely request for a fair hearing pursuant to General Statutes § 17-2a. That hearing took place on May 6, 1974, at which time the plaintiff and her representative presented evidence to substantiate her claim. On June 13, 1974, the fair hearing officer sustained the welfare department's discontinuance of the plaintiff's assistance on the grounds that her husband was in the home and that, therefore, her children were not deprived of parental care and guidance. Under AFDC, a federal program, the presence of both parents in the home would make the plaintiff and her children ineligible for benefits.

General Statutes § 17-2b (b) provides in pertinent part that "[u]pon appeal . . . from the decision made after hearing . . . [t]he findings of the commissioner or his designated hearing officer as to the facts, *if supported by substantial and competent evidence,* shall be conclusive." (Italics supplied.) The principal issue presented by this appeal is whether the findings of the fair hearing officer were supported by substantial and competent evidence. A careful analysis of the evidence before the fair hearing officer brings us to the conclusion that her findings are not supported by the evidence before her.

The plaintiff appeared personally at the hearing accompanied by a representative from Norwalk Legal Services and a witness. The plaintiff submitted affidavits by herself, her husband, and the witness, all stating that the Springers had been separated for one year and that the plaintiff's husband occasionally visited her home to see the children. The husband's affidavit also stated that he lived at 31 Isaac Street, Norwalk. At the fair hearing, the plaintiff and her witness corroborated those statements under oath. In addition, the plaintiff testified that her husband liked to roam and would frequently move from place to place although he continued to use her address to receive mail. The plaintiff's representative testified that the plaintiff had filed with her office for a divorce. There was some inconsistent testimony from the plaintiff and her representative regarding the most recent visit of the plaintiff's husband to the home.

It is important to note that the commissioner's sole witness at the hearing was a caseworker who gave an oral report of the evidence relied on by the commissioner in discontinuing the plaintiff's AFDC assistance. The record does not reveal whether the caseworker had personal knowledge of the evidence presented in the report. His report included (1) a remark by the plaintiff's landlord to an unidentified worker at the welfare department that Mr. Springer was living in the plaintiff's home and that he had signed the lease along with the plaintiff;[1] (2) a wage report of the income maintenance unit of the welfare department which indicated that Mr. Springer had given the plaintiff's address as his own to an employer for whom he worked briefly in late January, 1974, and had

---

[1] Subsequent to the fair hearing but prior to the hearing officer's decision, the plaintiff filed a copy of the lease with the fair hearing officer. Her signature alone appears on that document.

claimed his six children as dependents for with-holding tax purposes; (3) a memo from the resource supervisor to the special investigations unit which had been working on the case but had not yet completed its report.[2] That memo related a conversation between the resource supervisor and the landlord at the 31 Isaac Street address which Mr. Springer claimed as his own. The landlord reportedly stated that Mr. Springer had not lived at that address for one year. Neither the plaintiff's landlord, nor the income maintenance unit worker, nor the resource supervisor, nor anyone from the special investigations unit, nor the landlord at Mr. Springer's purported address testified at the fair hearing, although those persons could have been used as corroborative witnesses.

"Substantial and competent evidence is that which carries conviction. It is such evidence as a reasonable mind might accept as adequate to support a conclusion. It means something more than a mere scintilla and must do more than create a suspicion of the existence of the fact to be established." *Corey* v. *Avco-Lycoming Division*, 163 Conn. 309, 322, cert. denied, 409 U.S. 1116; see also *New Canaan* v. *Connecticut State Board of Labor Relations*, 160 Conn. 285, 289; *L. Suzio Construction Co.* v. *Connecticut State Board of Labor Relations*, 148 Conn. 135, 138; *Hoyt-Bedford Co.* v. *Connecticut State Board of Labor Relations*, 147 Conn. 142, 147. It must afford a substantial basis of fact from which the fact in issue can reasonably be inferred. *Peters* v. *Shapiro*, 5 Conn. Cir. Ct. 603, 606.

A review of the record in this case shows that the memorandum of the hearing officer falls short of the statutory standard in two ways. The findings

---

[2] That report had not been completed at the time of the decision of the fair hearing officer.

of fact do not substantiate the conclusion reached in the memorandum, and they themselves are not founded on a competent evidentiary base.

The record indicates that the bulk of the commissioner's evidence in support of his decision discontinuing the plaintiff's assistance was hearsay and that much of it was double hearsay. It is true that fair hearings are informal administrative proceedings and that the hearing officer is not bound by strict rules of evidence. *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 212. Even though hearsay is admissible for purposes of administrative flexibility, "this assurance of a desirable flexibility in administrative procedure does not go so far as to justify orders without a basis in evidence having rational probative force." *Consolidated Edison Co.* v. *National Labor Relations Board,* 305 U.S. 197, 230; *Imperial Laundry, Inc.* v. *Connecticut State Board of Labor Relations,* 142 Conn. 457, 462. The substantial and competent evidence requirement of General Statutes § 17-2b (b) means such evidence that has rational probative force. In light of that requirement, we conclude that the evidence presented here, without more, is not sufficient to support the findings of the hearing officer.

That is not to say that at no time would hearsay evidence have rational probative force. "When the alternative to relying on hearsay is to get the better evidence that is readily available, refusing to rely on the hearsay may often be reasonable. When the alternative to relying on hearsay is to make the finding without the benefit of any evidence on the point, relying on the hearsay may often be desirable." 2 Davis, Administrative Law Treatise § 14.10, p. 296. In the instant case, at least some of the better evidence — of the plaintiff's landlord, the income maintenance worker, the resource supervisor, someone from the special investigations

unit, and the landlord at Mr. Springer's purported address — could have been used by the commissioner to corroborate the caseworker's report. Standing alone, the report was not competent evidence, and the hearing officer abused her discretion in relying solely on it to support her findings.

In her memorandum, the fair hearing officer found, among other things, that the "landlord reported" that the plaintiff's husband was living with the family and that she and her husband had both signed the lease; that a firm "which was said to employ appellant's husband" replied to welfare department inquiries that Mr. Springer had given the plaintiff's address as his; and that the "Resources Unit reported to the Special Investigation Unit that a call to the owner of the building" mentioned in Mr. Springer's affidavit "had elicited the statement" that the husband was not living there. Emphasizing the fact that the plaintiff and her representative at the hearing each gave a different date as the day that Mr. Springer last visited the home, the hearing officer concluded that "[t]he inconsistencies in the statements lead to the conclusion that if there is a separation in fact, it is once [sic] of convenience." On that basis, the district office was upheld.

Those findings are not sufficient to support a conclusion that Mr. Springer was "in the home," nor do they indicate a separation of "convenience." A finding that a "landlord reported" something, i.e. signatures on the lease, which was proven by the plaintiff to be false has no conclusive value whatsoever. A finding that Mr. Springer gave an employer the plaintiff's address does not, without more, lead to the conclusion that he lives there. A finding that Mr. Springer made a false statement on his affidavit as to his living at 31 Isaac Street is only indicative of his credibility and only means

that he does not live at that address. Inconsistencies in statements given by the plaintiff and her hearing representative may indicate a lack of communication but by no means point to a separation of "convenience."

In her brief, the plaintiff states that the trial court apparently did not question the validity of the conclusions which the commissioner used to support his decision. "Inferences to be drawn from the facts proved must be reasonable and logical, and the conclusions based on them must not be the result of speculation and conjecture." *Palmieri* v. *Macero,* 146 Conn. 705, 708. We agree that had the court examined the conclusions of the fair hearing officer, it would have found them to be arbitrary, unwarranted, and based upon speculation and conjecture. The findings of fact, aside from being based on incompetent hearsay, lack the substance from which a reasonable mind could reach the conclusions of the hearing officer. *Board of Education* v. *Commission on Civil Rights,* 153 Conn. 652, 660.

There is no substantial and competent evidence, as required by General Statutes § 17-2b (b) to support the conclusion of the commissioner. Our decision on that issue is sufficient to sustain the disposition of this cause. *Costello* v. *Costello,* 139 Conn. 690, 695; Maltbie, Conn. App. Proc. § 340. Therefore, we have not considered the plaintiff's other assignments of error.

There is error, the judgment is set aside and the case is remanded with direction to sustain the plaintiff's appeal.

In this opinion BARBER and SPONZO, Js., concurred.